In re MARVIN BURKE, a/k/a Duncan, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. MARVIN BURKE, Respondent-Appellant.)

First District (3rd Division)    No. 61898

Opinion filed April 1, 1976.

James J. Doherty, Public Defender, of Chicago (Frances W. Sowa, Assistant Public Defender, and Steven Yonover, Law Student, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Respondent, Marvin Burke, a juvenile, was adjudicated a delinquent and was declared a ward of the circuit court of Cook County, juvenile division, for having committed the crime of criminal trespass to vehicles. He was committed to the Department of Corrections.

Respondent's initial contention, which is dispositive of the appeal, is that the trial court violated his constitutional rights in accepting his admission to the charge without properly admonishing him. At the hearing, the following colloquy occurred prior to the entry of the admission:

"THE COURT: Under the circumstances, the Court had the Public Defender, who is acting as Guardian ad Litem, interview the respondent and is taking a plea on Count No. 2, criminal trespass to vehicle.

Young man, when this lady spoke to you as your lawyer, were you advised of your rights?

RESPONDENT: Yes.

THE COURT: Were you advised that you had a right to trial in open court?

RESPONDENT: Yes.

THE COURT: That you have a right to deny the charge.

Do you admit or deny that you were in a stolen car?

RESPONDENT: Admit.

THE COURT: You are doing this of your own free will. You understand I could send you away to the Department of Corrections where you could be held until you are 21.

Voluntary admission Count 2."

The record reflects that the trial court appointed the assistant public defender as guardian ad litem for respondent because the latter's parents refused to come to court. Respondent also informed the court that he refused to go home to his parents. Respondent previously had run away and had been committed to the Department of Mental Health as a seriously disturbed boy.

■■■ In *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, the United States Supreme Court held that it is a violation of constitutional due process to accept a plea of guilty in State criminal proceedings without an affirmative showing placed on the record that defendant voluntarily and understandingly entered his plea. The *Boykin* decision was predicated upon the same basic fundamental rights which have been held to apply to juvenile court proceedings. (See *In re Michael M.* (1970), 11 Cal. App. 3d 741, 89 Cal. Rptr. 718.) Accordingly, we hold that the basic requirement of *Boykin* must be complied with when a juvenile in juvenile court proceedings enters an admission to the charge against him.

■■ Only a brief discussion is necessary to show that the admonishments in the present case did not comple with due process. When the respondent's case was called, respondent stated that he had conferred with his attorney and had been advised of his rights. The trial judge asked respondent if he had been advised that he had a right to a trial in open court. Respondent replied in the affirmative. The trial judge informed respondent that he also had the right to deny the charge. Without waiting for a response, the judge asked respondent if he admitted or denied that he was in a stolen car. Respondent replied that he was admitting it. The judge then stated that respondent was doing this of his own free will and informed respondent that he could be sent to the Department of Corrections where he could be held until he was 21 years of age. Again without waiting for a response from respondent, the trial judge stated "voluntary admission." The above admonishments were totally insufficient to show that respondent voluntarily and understandingly entered his admission.

In view of our holding, it is unnecessary to consider respondent's contentions that Supreme Court Rule 402 is applicable to juvenile court proceedings, and that the court erred in committing respondent to the Department of Corrections, ather than ordering a clinical examination.

For the reasons stated, the order of the circuit court of Cook County

finding respondent to be delinquent is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

MEJDA, P. J., and McGLOON, J., concur.