*In re* GORDON STEWART, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* GORDON STEWART, Respondent-Appellant.)

First District (3rd Division)   No. 62171

Opinion filed October 7, 1976.

James Geis and Victoria J. Meyers, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick W. O'Brien, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

■■ Gordon Stewart, a juvenile, appeals from an order committing him to the Department of Corrections, Juvenile Division, after he supposedly admitted committing a battery. Two issues are raised in his appeal: (1) that the court violated due process when it accepted his admission; and (2) that the court lacked jurisdiction to sentence him because it never adjudicated him a ward of the court. The State concedes that there never was an explicit adjudication as required by section 4—8 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 704—8; *In re Franklin* (1976), 42 Ill. App. 3d 129, 355 N.E.2d 570), but it contends that this requires only a remand limited to establishing the court's wardship. If the lack of an adjudication of wardship were the only error, remandment

would be the proper disposition of this appeal. However, the first error alleged—abuse of due process—necessitates reversal as well as remandment.

In October 1974 a petition for adjudication of wardship was filed alleging that Stewart had committed a robbery and was delinquent. Nine days later a hearing was held on the petition. The Public Defender was appointed counsel for the respondent and the State's Attorney was granted leave to amend the petition to charge battery rather than robbery. The following dialogue then occurred:

THE COURT: "Young man, were you advised of your legal rights when the lawyer talked to you?"

STEWART: "Yes."

THE COURT: "Were you advised that you had a right to deny that you struck somebody? That you have a right to a trial in court, and that you have a right to have your lawyer, the Public Defender, cross examine all State's witnesses in open court. That you are presumed innocent until proven guilty beyond a reasonable doubt. That you have a right to have the State's Attorney prove his case beyond a reasonable doubt. Did you commit a battery? Did you hit somebody?"

STEWART: "Yes."

THE COURT: "Are you admitting this of your own free will?"

STEWART: "Yes."

THE COURT: "Without promises?"

STEWART: "Yes."

THE COURT: "You understand, I could send you away to the Department of Corrections?"

STEWART: No response.

THE COURT: "Voluntary admission to the amended complaint."

The court then set a date for the dispositional hearing at which time the defendant was adjudged delinquent and committed to the Department of Corrections, Juvenile Division.

A proceeding to determine whether a juvenile is delinquent is subject to due process of law (*In re Gault* (1967), 387 U.S.1, 16 L. Ed. 2d 1013, 86 S. Ct. 1922) which requires that a guilty plea be intelligently and voluntarily made. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) This rule underlies the decision in several recent appellate court cases which hold that a juvenile's constitutional rights are violated when the trial court accepts his admission to a charge without properly admonishing him as to his rights and the consequences of his admission. *E.g. In re Burke* (1976), 37 Ill. App. 3d 790, 347 N.E.2d 23.

Stewart was 14 at the time of the hearing. His attorney was

appointed only moments before he underwent interrogation by the judge. Although he responded affirmatively when the court asked him whether his lawyer had advised him of his legal rights, the record does not disclose that he was given a copy of the amended petition or had its contents, including the nature of the amended charge, explained to him. The court did not wait for a response when it asked Stewart if he understood that he could be sent to the Department of Corrections, nor did the court specifically admonish him that he could be committed to the Department until he became 21, a sentence of 7 years. (Ill. Rev. Stat. 1973, ch. 37, par. 705—11.) He was not told that he had the right against self-incrimination and the right to remain silent altogether. Finally, and most importantly, it is uncertain what Stewart admitted. The court asked a series of questions without giving him time to reply to each one. It was only after a string of questions had been put to him and the final question "Did you hit somebody?" asked, that Stewart answered "Yes." Whether he was responding affirmatively only to the last, some, or all of the inquiries is unclear. Subjecting a juvenile to a salvo of questions without giving him time to reflect upon them or to answer them was a violation of due process.

The order committing Stewart to the Department of Corrections is reversed and the case remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

MEJDA, P. J., and McNAMARA, J., concur.