In re JAMES PEEVY, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. JAMES PEEVY, Respondent-Appellant.)

First District (1st Division) No. 61675

Opinion filed October 25, 1976.

James R. Streicker and Ira A. Moltz, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Michael J. Angarola, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

A petition for adjudication of wardship was filed on August 29, 1974, against the respondent minor, James Peevy. The petition charged that respondent had committed the offense of battery against his mother. On August 30, 1974, the Office of the Public Defender was appointed guardian ad litem at a detention hearing. On September 4, 1974, an adjudicatory hearing transpired wherein the respondent was found to be a delinquent on the basis of his admission that he had struck his mother. Respondent was committed to the Department of Corrections. The record does not reflect a separate adjudication that the respondent be made a ward of the court.

Respondent contends on appeal that: (1) the procedure employed by the court prior to the entry of admission was violative of due process; and

(2) Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) is applicable to juvenile proceedings. The following colloquy occurred at the adjudicatory hearing:

"THE COURT: All right, James Peevy, Public Defender appointed, motion State. Have you talked with your client?

MR. MARDAR [Assistant Public Defender]: Yes, Judge, I have talked to James and at this time he knows his right to a trial on this matter. He does not want to go to trial.

THE COURT: Is that right James?

A. Yes, sir.

THE COURT: And how old are you?

A. Fifteen.

THE COURT: Do you go to school?

A. Yeah.

Q. What school?

A. Englewood.

THE COURT: What year are you in?

A. Ninth.

THE COURT: Can you read and write?

A. Yes, sir.

THE COURT: Do you understand what the Public Defender told you before, your right to a trial?

A. Yes, sir.

THE COURT: You are charged with having beat up your mother, or hit your mother. Now, let me tell you something. If you admit to this, I will send you to the Department of Corrections, understand that?

A. Yes, sir.

THE COURT: All right, so I want you to tell me, did you or did you not hit your mother?

A. Yes, sir, I hit her.

THE COURT: I will accept that admission."

In support of his first contention, respondent argues that he did not knowingly and intelligently waive his constitutional right of confrontation and his privilege against self-incrimination. Respondent further argues that the record is silent in demonstrating that he made a voluntary waiver of his constitutional rights.

■■ It is now well established that an adjudicatory hearing, at which a minor may be declared a delinquent and committed to a state institution, must measure up to the essentials of due process and fair treatment.[1] (*In re Gault*, 387 U.S. 1, 30, 18 L. Ed. 2d 527, 87 S. Ct. 1428, 1445.) *In re Gault*

---

[1] This proposition is codified in section 1—2(3) and section 1—20 of the Juvenile Court Act. Ill. Rev. Stat. 1973, ch. 37, pars. 701—2(3) and 701—20.

provided that due process required adequate written notice, advisement of the right to counsel, the right to confront and cross-examine witnesses, and the privilege to be free from self-incrimination. The Supreme Court in *In re Gault* held that great care must be taken to assure that an admission by a juvenile is not the product of suggestion, ignorance of rights, adolescent fantasy, fright or despair. (*In re Gault*, 387 U.S. 1, 55, 18 L. Ed. 2d 527, 561, 87 S. Ct. 1428.) By applying the privilege against self-incrimination to juvenile proceedings, the Supreme Court determined that an admission by a juvenile must be totally voluntary.

*In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068, established that among the "essentials of due process and fair treatment" required at an adjudicatory hearing is the juvenile's right to compel the State to prove its case beyond a reasonable doubt. In reaching its holding in *In re Winship*, the Supreme Court reiterated an observation noted in *In re Gault*: " '[a] proceeding where the issue is whether the child will be found to be "delinquent" and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution.' *Id.* at 36." (*In re Winship*, 397 U.S. 358, 366, 25 L. Ed. 2d 368, 376, 90 S. Ct. 1068.) The Supreme Court's holding in *In re Winship* reaffirmed "the need for criminal due process safeguards in juvenile courts." *In re Winship*, 397 U.S. 358, 366, 25 L. Ed. 2d 368, 376, 90 S. Ct. 1068.

■■ *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, holds that before a defendant in a State criminal proceeding enters a guilty plea, the record must plainly indicate that the court fully apprised the defendant of the constitutional right of confrontation and the privilege against self-incrimination. Only upon the showing that a defendant possesses a full understanding of his constitutional rights and of the consequences of a guilty plea can it be said that a waiver of guaranteed rights is rendered knowingly and voluntarily. In light of the compelling language found in *In re Gault* and in *In re Winship*, we agree with respondent that the rule in *Boykin*, which proscribes a recorded showing of a waiver of constitutional rights, is among the essentials of due process required during an adjudicatory hearing. At a bare minimum, the record should reflect that a juvenile be clearly apprised of the right to confront and cross-examine witnesses at trial and of the privilege against self-incrimination. *In re Burke*, 37 Ill. App. 3d 790, 347 N.E.2d 23; *In re Michael M.* (1970), 11 Cal. App. 3d 741, 96 Cal. Rptr. 887; *State ex rel. Juvenile Department v. Welch* (1972), 12 Ore. App. 400, 501 P.2d 991.

■■ The record in the instant case is silent in showing that respondent voluntarily and knowingly waived his right of confrontation and his privilege against self-incrimination. The admonishments given by the court did not sufficiently demonstrate that respondent possessed a full understanding of the constitutional rights waived by his admission.

583

Moreover, we find that the court's admonishments did not adequately apprise respondent of the consequences of his admission, as required by *Boykin*.

Accordingly, the order of the circuit court of Cook County finding respondent to be delinquent is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion. In view of our holdings, it is unnecessary to consider respondent's contention that Supreme Court Rule 402 is applicable to juvenile proceedings.

Reversed and remanded.

SIMON and O'CONNOR, JJ., concur.