120 Ill. App.3d 922 (1983)
458 N.E.2d 1089
In re C.T., a Minor  (The People of the State of Illinois, Petitioner-Appellant,
v.
C.T., Respondent-Appellee).
No. 82-1722.
Illinois Appellate Court  First District (4th Division).
Opinion filed December 29, 1983.
*923 Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Denise O'Malley, Assistant State's Attorneys, of counsel), for the People.
James J. Doherty, Public Defender, of Chicago (Kathleen M. McGinnis, Assistant Public Defender, of counsel), for appellee.
Reversed and remanded.
PRESIDING JUSTICE ROMITI delivered the opinion of the court:
This case represents an appeal by the State of a juvenile court's orders which denied the State's request for a continuance and dismissed its petition for adjudication of wardship of a minor, C.T., on the grounds that an additional continuance would constitute a violation of due process. The sole issue presented for review is whether a juvenile court has the authority to dismiss such a petition, and if so whether dismissal was justified in the action under consideration here. We find that although a juvenile court has the power to dismiss a petition for adjudication of wardship, the facts in this case do not support the court's action. We therefore reverse and remand.
The State filed its petition for adjudication of wardship in the Cook County Juvenile Court on January 12, 1982, alleging that the minor had committed three offenses in violation of certain provisions of the Illinois Criminal Code. A hearing on this petition was scheduled for March 2, 1982.
On that date, the State amended its petition to delete two of the *924 allegations of delinquent conduct made therein and to add in their stead two new offenses. The minor's attorney requested a continuance of the hearing in order to prepare a defense against the new charges, which the court granted. The new hearing date was set for April 1, 1982, and marked "final" for both parties on that day.
The minor's attorney was unable to appear in court on April 1, however, because of illness. The court therefore granted the motion for a continuance presented by substituting counsel, who also informed both the court and opposing counsel of the minor's intention to file a motion to suppress certain evidence. The court scheduled the hearing regarding both the motion to suppress and the petition for May 17, 1982, and again marked the action final for both sides. The written motion to suppress evidence was subsequently filed before that date.
On May 17, the State requested a continuance because one of its principal witnesses, the police officer who had taken the statements of the victims of the minor's allegedly delinquent conduct, had not appeared to testify. The minor's attorney made an oral motion to the court to dismiss the petition. In response, the State informed the court that the officer had been present on each previous hearing date and had been advised that the next hearing was to take place on May 17. The State also stated that the officer had originally requested that she be served with a subpoena to testify on May 17; when counsel for the State advised her that this would likely be very difficult, the officer suggested that counsel telephone her at the stationhouse on the morning of May 17 to advise her that the hearing was still scheduled for that date, and that she would then appear in court to testify on the matter. Counsel for the State informed the court that the officer could not be found at the stationhouse, that the particular day in question was apparently the officer's day off, and that telephone calls to the officer's residence went unanswered. The court offered to allow the State to strike the petition with leave to refile, which the State refused. The court then passed the case to allow additional time to locate the witness. When the case was subsequently called, counsel for the State did not appear. The court thereupon dismissed the petition.
Four days later, on May 21, the court granted the State leave to file a motion to reconsider its dismissal order. At the hearing on this motion on June 18, the court heard oral arguments from both parties based on the State's written petition in support of its motion. The court found that it had the authority to deny the State's request for a continuance and that any further delay would have amounted to a violation of due process, and denied the State's motion to reconsider its *925 dismissal order. The State thereupon filed a timely appeal to this court.
The court below relied on People v. Lawson (1977), 67 Ill.2d 449, 367 N.E.2d 1244, in reaching its conclusion that it had the authority to dismiss the petition on the grounds that additional delay would have violated due process. In Lawson, the Illinois Supreme Court ruled that a trial court may dismiss a criminal complaint or indictment where delays have actually and substantially prejudiced the defendant in clear violation of due process requirements. (67 Ill.2d 449, 456, 367 N.E.2d 1244, 1247.) The State contends alternatively that Lawson is inapplicable to the case under review here, or if applicable, that its standard for dismissal on due process grounds has not been satisfied.
The recognition that the guarantees of due process of law apply in juvenile delinquency proceedings is too well established to be open to dispute. (Kent v. United States (1966), 383 U.S. 541, 16 L.Ed.2d 84, 86 S.Ct. 1045; In re Gault (1967), 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428; In re Urbasek (1967), 38 Ill.2d 535, 232 N.E.2d 716. See generally Scott, Delinquency and Due Process: A Review of Illinois Law, 59 Chi.-Kent L. Rev. 123 (1982).) This recognition is itself founded on the equally well-established notion that the juvenile court's primary function is to ensure that the best interests of the minor respondent, his family, and society are served (see Ill. Rev. Stat. 1981, ch. 37, par. 701-2 (purpose and policy of Juvenile Court Act); see also In re Beasley (1977), 66 Ill.2d 385, 389, 362 N.E.2d 1024, 1026, cert. denied (1978), 434 U.S. 1016, 54 L.Ed.2d 761, 98 S.Ct. 734; People v. Hackman (1971), 1 Ill. App.3d 1030, 1032, 275 N.E.2d 488, 489-90), and that this result obtain in a manner that comports with the concepts of fairness and impartiality. (McKeiver v. Pennsylvania (1971), 403 U.S. 528, 543, 29 L.Ed.2d 647, 659, 91 S.Ct. 1976, 1985; People v. Taylor (1979), 76 Ill.2d 289, 298, 391 N.E.2d 366, 372. See also In re Peevy (1976), 43 Ill. App.3d 579, 581, 357 N.E.2d 78, 80.) It is elemental that this spirit of fairness which is the linchpin of the juvenile delinquency process is the same notion of fairness of trial which forms the fundamental basis for the processes of adult criminal justice. In re Winship (1970), 397 U.S. 358, 365, 25 L.Ed.2d 368, 376, 90 S.Ct. 1068, 1073.
 1 To hold that under Lawson a criminal court has the authority to dismiss a complaint or indictment because of a due process violation, while a juvenile delinquency court lacks the power to dismiss a petition on identical grounds, would effectively undermine the juvenile court's duty to ensure that such proceedings are conducted in accordance *926 with this essential notion of fairness. This court therefore rejects the State's contention that People v. Lawson is not applicable to the case at bar.
That Lawson differs on its facts from the action under consideration here does not alter this result, as the State contends. The facts in Lawson pertained to the period of time intervening between the commission of an alleged offense and the defendant's indictment therefor; the court determined that a substantial delay between these two events could result in substantial prejudice to a defendant in violation of due process which would warrant a trial court's dismissal of the indictment. The State claims that because Lawson dealt with preindictment delay as a due process violation, it is distinguishable from the present action and therefore inapposite. This argument is spurious, however, as it is based on an assumption that due process guarantees are applicable only during a period of preindictment delay but not subsequent thereto. "The obligation of a court to insure due process, and its inherent authority to dismiss an indictment to remedy a violation thereof, cannot be made to depend upon whether the violation occurred before or after the indictment was issued." People v. Adams (1978), 59 Ill. App.3d 590, 593, 375 N.E.2d 893, 895.
In addition, we reject the State's claim that Lawson is inapplicable because it was an interpretation of section 114-1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1981, ch. 38, par. 1114-1) which the State argues is not applicable to juvenile delinquency proceedings. Lawson was not an expansion of the grounds for dismissal beyond those listed in section 114-1, as the State contends. Rather, it stands for the proposition that the listing of grounds set forth in this section leaves undiminished a court's inherent authority to dismiss an action for violations of due process, and recognized that such authority exists independently from the power granted the courts through section 114-1 of the Code of Criminal Procedure. (People v. Rodgers (1982), 92 Ill.2d 283, 442 N.E.2d 240; People v. Wolfe (1983), 114 Ill. App.3d 841, 449 N.E.2d 980; People v. Mack (1982), 107 Ill. App.3d 164, 437 N.E.2d 396; People v. Tomasello (1981), 98 Ill. App.3d 588, 424 N.E.2d 785; People v. Marbly (1980), 85 Ill. App.3d 935, 407 N.E.2d 721; People v. Stuckey (1979), 78 Ill. App.3d 1085, 398 N.E.2d 97; People v. Lipp (1978), 63 Ill. App.3d 1034, 380 N.E.2d 1007.) As we have already determined, a juvenile court possesses a similar inherent authority to dismiss a petition because of due process violations. As a result, we need not reach the question of whether section 114-1 should be applicable per se to juvenile delinquency proceedings. Even assuming arguendo that the section did so apply, however, it would *927 not have given the court below the authority to dismiss the State's petition in this instance, because none of the grounds for dismissal enumerated in section 114-1 is found in the case under consideration here.
We also disagree with the State's contention that the juvenile court lacked the power to dismiss the petition because the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 701-1 et seq.) fails to specifically grant the court such authority. In support of this argument, the State claims that section 4-8 of the Act (Ill. Rev. Stat. 1981, ch. 37, par. 704-8), which states that the juvenile court may order the petition dismissed "[a]fter hearing the evidence * * *" presented in support of the petition, is the only provision of the Act which contemplates dismissal of a petition and is therefore the only instance in which such an order may be lawfully made. The State claims that since no evidentiary hearing was held in this case, the court below lacked the authority to dismiss its petition. Again, we find that the reasoning in Lawson is relevant to the instant case, and points up the shortcomings in the State's argument. The juvenile court's authority to dismiss a petition for due process violations, similar to a trial court's power to dismiss a criminal complaint or indictment on identical grounds, is an inherent authority which exists independently of any statutorily granted power which may be provided. Consequently, the absence of such specificity in the Juvenile Court Act is of no relevance here.
 2 Although we disagree with the State's contention that the juvenile court lacks the authority to dismiss a petition when there is a violation of due process, we find merit in the State's claim that there was no actual and substantial prejudice to the minor respondent here in clear violation of due process which would have justified the court's dismissal order. Lawson establishes the criteria by which substantial delays are to be evaluated in order to determine if such delays warrant dismissal. First, the respondent must come forward with a clear showing of actual and substantial prejudice. If this is shown, then the burden shifts to the State to show the reasonableness of the delay. The delay must amount to an "unequivocally clear denial of due process." People v. Lawson (1977), 67 Ill.2d 449, 456, 367 N.E.2d 1244, 1248.
A dismissal for want of prosecution may be authorized where the unreasonable delay so prejudices the respondent that it is tantamount to a violation of due process. (People v. Walker (1978), 57 Ill. App.3d 77, 80, 372 N.E.2d 1084, 1086.) However, "[s]peculation as to future repeated continuances does not amount to actual prejudice. Nor can a *928 mere continuance, on its own, be considered to substantially prejudice defendants [or respondents]." (People v. Gerena (1978), 63 Ill. App.3d 960, 962, 380 N.E.2d 985, 987.) Furthermore, although it is in the court's sound discretion to grant or deny a State's motion to continue (Ill. Rev. Stat. 1981, ch. 38, par. 114-4(e); People v. Williams (1982), 92 Ill.2d 109, 116, 440 N.E.2d 843, 846), a court abuses this discretion when it refuses such motion and either forces the State to proceed immediately to trial and apparent "acquittal" (People v. Deems (1980), 81 Ill.2d 384, 410 N.E.2d 8; People v. Verstat (1983), 112 Ill. App.3d 90, 444 N.E.2d 1374; People v. Edwards (1981), 97 Ill. App.3d 407, 422 N.E.2d 1117), or dismisses the charges for failure to prosecute where there has been no clear deprivation of due process. People v. Edwards (1981), 97 Ill. App.3d 407, 422 N.E.2d 1117; People v. Grimm (1979), 74 Ill. App.3d 514, 392 N.E.2d 1138; People v. Guido (1973), 11 Ill. App.3d 1067, 297 N.E.2d 18.
Rather than initially pursue these more extraordinary measures, the trial court should instead avail itself first of other less drastic sanctions to ensure that its calendar is followed and counsel are prepared for hearing. (See People v. Verstat (1983), 112 Ill. App.3d 90, 102, 444 N.E.2d 1374, 1383; People v. Guido (1973), 11 Ill. App.3d 1067, 1070, 297 N.E.2d 18, 20.) The more extreme sanction of dismissal should be imposed only where lesser remedies would be inappropriate or unavailable to mitigate the actual prejudice caused to the respondent. See In re McCall (1982), 108 Ill. App.3d 164, 168-69, 438 N.E.2d 1269, 1272; People ex rel. Davis v. Vazquez (1982), 92 Ill.2d 132, 145, 441 N.E.2d 54, 59; People v. Stuckey (1979), 78 Ill. App.3d 1085, 1090-91, 398 N.E.2d 97, 102; In re Daniels (1976), 37 Ill. App.3d 975, 977, 347 N.E.2d 479, 480.
 3 The record in this case is utterly devoid of any indication of the prejudice to the minor respondent which would have resulted had the court granted the State's motion to continue the proceeding. No showing was attempted in the court below to demonstrate that the respondent would have been harmed by a further continuance to subpoena the State's material witness; no similar effort has been made before this court to either make or substantiate such a claim. As a result, we can find nothing to indicate that a further short delay would have prejudiced the minor respondent in the case under review here.
Furthermore, a subsequent delay in order to compel the appearance of one of the State's material witnesses would have been wholly reasonable and justified under the circumstances. The initial delay of one month occasioned by the State's amendment of the charges in the *929 petition was attributable to the State under People v. Kincaid (1981), 87 Ill.2d 107, 429 N.E.2d 508, as the minor respondent's brief notes. The subsequent delay, also of approximately one month, was without question attributable to the respondent. Any further continuance which the court would have granted to the State would have been minimal and reasonable.
The minor respondent's brief goes to great lengths to support the dismissal order by stressing the court's duty to ensure an orderly and timely disposal of the cases before it. While we are not unmindful of this responsibility, we note that the juvenile court could have more appropriately discharged this duty by exercising its contempt power, for example, rather than dismissing the State's petition for adjudication of wardship.
We therefore conclude that there was no showing of an actual and substantial prejudice to the minor respondent to justify the dismissal order of the court below. In addition, it is manifestly clear that a further continuance to the State in order to compel the appearance of its material witness would have been wholly reasonable under the circumstances.
 4 In the conclusion paragraph of its brief on appeal, the State requests that this court grant it costs for prosecuting this appeal, pursuant to People v. Nicholls (1978), 71 Ill.2d 166, 374 N.E.2d 194, Ill. Rev. Stat. 1981, ch. 33, pars. 5, 22, 25, Ill. Rev. Stat. 1981, ch. 38, pars. 110-7(i), 180-3, and Ill. Rev. Stat. 1981, ch. 53, par. 8. In the recent case of In re W.W. (1983), 97 Ill.2d 53, 454 N.E.2d 207, however, the Illinois Supreme Court ruled that these statutory provisions and judicial interpretation provide no authority to assess fees and costs against a minor respondent for bringing an unsuccessful appeal in a juvenile delinquency action. The court reasoned that such an assessment would be contrary to the purposes of the Juvenile Court Act, which is to administer juvenile proceedings "in a spirit of humane concern for the minor and to promote both the welfare of the minor and the best interests of the community." (97 Ill.2d 53, 58, 454 N.E.2d 207, 210, citing Ill. Rev. Stat. 1979, ch. 37, par. 701-2; In re Beasley (1977), 66 Ill.2d 385, 389, 362 N.E.2d 1024.) It would appear that an assessment of costs would be even more contrary to this policy where, as here, the respondent has not attempted the appeal. We therefore deny the State's request for fees and costs.
For the reasons stated above, this court concludes that although a juvenile court has in an appropriate case the inherent authority to dismiss the State's petition for adjudication of wardship based on delinquency on the grounds of a clear violation of due process, we find *930 nothing to indicate that the additional delay in the action under consideration here would have substantially prejudiced the respondent in violation thereof. For these reasons, the dismissal order of the court below is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded for further proceedings.
JIGANTI and LINN, JJ., concur.