THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT P. PERUSCINI, Defendant-Appellee.

Second District   No. 2—88—0905

Opinion filed September 27, 1989.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joseph M. Giglio, of Onesto, Giglio, Meltreger & Associates, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from an order entered by the circuit court of Du Page County dismissing traffic violation charges against defendant, Robert P. Peruscini, on due process grounds. The State contends that the trial court was without authority to do so and that defendant's due process rights were not violated. We reverse and remand.

Defendant was charged by complaint with driving under the influ-

ence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)), as well as improper lane usage and failure to wear a seatbelt. Defendant was arraigned, and his case was set for trial on June 16, 1988. Prior to the trial date, however, both the State and the defendant requested a continuance. The State asserted that a material witness, Officer Cortese, was unavailable; defendant asserted that his attorney had suffered a back injury which required prolonged medical care. Defendant suggested several dates in August 1988 for trial, and the case apparently was reset for August 9. On the trial court's docketing sheet, however, the "8/9" date has been scratched out and the following appears: "(Tel Df Atty Lf Msg) (Date change from 8/9 to 8/16)."

On August 16, 1988, both the State and defendant appeared at the 10:30 court call and answered ready, and the court placed the matter on the 1:30 call for trial. At 1:30, the State requested a continuance because Officer Cortese was unavailable. The assistant State's Attorney explained to the court that on August 9 he and the officer had appeared ready for trial, but were then informed that the case had been continued. When the assistant State's Attorney verified the new trial date, he sent notice to Officer Cortese, but he could not be sure that the officer had received notice, and he had been unable to contact him yet that day. The trial judge could not recall who had made the request for the August 16 date, but he did remember calling defense counsel's office to advise him of the new date.

In responding to the State's motion, the trial judge stated that he did not think it was "fair" that the State had answered ready in the morning, requiring the defense attorney to "stay all morning here through a court call," and that it was not fair "that the defendant should not be allowed to proceed under these circumstances." The court denied the State's motion for a continuance. The assistant State's Attorney then advised the court that the State was not prepared for trial and would not proceed. The defendant then made a motion to dismiss the charges, and the trial court stated:

> "THE COURT: Alright. Defense motion to dismiss by answering ready for trial at 10:30 and holding the defense and his witness here until 1:30 in the afternoon, having no affidavit to present to the Court at this time; the defendant's motion to dismiss under due process grounds is granted."

The assistant State's Attorney advised the court that, if the court was dismissing the cause because the State had failed to provide an affidavit or a written motion, those documents could be provided "within five minutes." In response, the trial court stated:

> "THE COURT: Alright. Well, I will go on the record and say

that is one of my grounds, but I think there is another ground that there is something inherently unfair about having people here for a trial at 10:30 in the morning, answering ready for trial, the State answering ready for trial, I hold people here all morning with their witnesses and I bring them back here at 1:30 for trial and then we get this situation."

The assistant State's Attorney told the court that he believed it was also inherently unfair that the court date had previously been changed by the judge, apparently by telephone, without notice to the State or the officer. The trial court responded:

"THE COURT: I am sure I didn't just notify the defense attorney on my own behalf or the Court's—I would not have given this matter an August 16th date without notifying the State."

The assistant State's Attorney reiterated that he "received no notice of the change in the trial date, *** absolutely none, and neither did the officer." He then stated that if fairness is the issue, "it is only appropriate to consider fairness to all concerned." Whereupon, the court repeated that the motion to dismiss was granted.

On appeal, the State contends that the trial court abused its discretion in denying the State's motion for a continuance because the State had been diligent in pursuing the prosecution and the trial court was without authority to dismiss the charges against defendant.

■ Generally, whether to grant or to deny a motion for a continuance is within the sound discretion of the trial court, and the diligence shown by the movant is to be considered in weighing the exercise of discretion. (Ill. Rev. Stat. 1987, ch. 38, par. 114—4(e); *People v. Verstat* (1983), 112 Ill. App. 3d 90, 97-98, 444 N.E.2d 1374, 1380.) The trial court's decision to grant or deny a continuance depends on the facts and circumstances existing at the time of the request, and its decision will not be disturbed on review absent a showing of a clear abuse of discretion. (*Verstat*, 112 Ill. App. 3d at 98, 444 N.E.2d at 1380.) A trial court should deny continuances sought by the State where defendant's right to a speedy trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5) will be improperly obstructed. (*Verstat*, 112 Ill. App. 3d at 98, 444 N.E.2d at 1381.) As set forth below, however, defendant's statutory and constitutional rights to a speedy trial have not been impeded in this case, and we examine the facts and circumstances existing at the time of the State's request for a continuance to determine whether there was an abuse of discretion in denying the State's motion for a continuance.

■ The State's motion was based on the unavailability of a material witness. Section 114—4(c)(2) of the Code of Criminal Procedure of

1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—4(c)(2)) provides that a motion for continuance made by the State more than 30 days after arraignment may be granted when "[a] material witness is unavailable and the prosecution will be prejudiced by the absence of his testimony." The unavailability of Officer Cortese, a material witness, was, therefore, a proper basis for the State's request. Although this was the State's second request for a continuance, the prior continuance of this case was also sought by the defendant as well. The length of the first continuance, June 16 to August 9, was determined by the defense. Although the State answered ready for trial on the morning of August 16, and the defendant, his witness, and his attorney were inconvenienced by the State's request for a continuance in the afternoon, the State had been equally inconvenienced when the trial date had been changed from August 9 to August 16 without notice. The assistant State's Attorney represented that on August 9 the State had appeared with its witness prepared for trial, and when the State learned of the new trial date, it notified the witness. Although the State's motion was not in writing and supported by affidavit, as required by section 114—4(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—4(a)), the assistant State's Attorney offered to provide the necessary documents almost immediately. Given the emergency nature of the motion, we consider that the State substantially complied with the rule. Under the circumstances presented here, we believe that the State was diligent in prosecuting the cause, and the court's denial of the State's motion for a continuance was an abuse of discretion.

The State also contends that the trial court erred in dismissing the complaint against defendant which, it stated, was on "due process grounds." The only due process right which might conceivably be implicated here, and which defendant now argues, is his right to a prompt trial. Trial courts have statutory authority to dismiss charges against defendants for any one of the reasons set forth in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—1), including the failure to provide defendant with a speedy trial. Trial courts also have an inherent authority to dismiss charges where there has been a clear denial of due process even though that is not a ground stated in section 114—1. (*People v. Lawson* (1977), 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1246.) In this case, defendant's constitutional and statutory rights to a speedy trial were not denied.

Defendant urges us to analyze the alleged due process violation here in light of *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182. In *Barker*, the United States Supreme Court

formulated a balancing test for determining when the constitutional right to a speedy trial has been denied. The four factors to be considered are: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. (*Barker*, 407 U.S. at 530, 33 L. Ed. 2d at 117, 92 S. Ct. at 2192; *People v. Adams* (1978), 59 Ill. App. 3d 590, 594, 375 N.E.2d 893, 896.) In applying the test, however, the Supreme Court has stated that the length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. (*Barker*, 407 U.S. at 530, 33 L. Ed. 2d at 117, 92 S. Ct. at 2192.) The delay which the trial court and defendant focus on in this case is the three-hour period between the morning and afternoon court calls. A three-hour delay between court calls is not the type of delay which gives rise to a *Barker* analysis as it cannot be presumptively prejudicial. Furthermore, the trial court here denied the State's motion before a specific date or period of continuance could be requested, and the actual length of the delay engendered by the State's motion was not determined. Because we do not know the length of the delay, we have no reason to conclude it might be prejudicial. We note, further, that the defendant made no demand for a speedy trial, the State presented a valid reason for the requested continuance, and, although defendant may have been annoyed or inconvenienced by a continuance, he has failed to demonstrate how his defense was impaired by the request for a continuance. Defendant's constitutional right to a speedy trial was not violated.

■ Defendant's statutory right to a speedy trial was not violated either. Section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)) requires that every person on bail or recognizance shall be tried by the court within 160 days from the date defendant demands trial. In this case, defendant did not demand trial.

We conclude that under the circumstances of this case, defendant's statutory and constitutional rights to a speedy trial or due process were not violated, and the trial court was without authority to dismiss the complaint against defendant.

Accordingly, the judgment of the circuit court of Du Page County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

McLAREN and REINHARD, JJ., concur.