*In re* J.A., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. J.A., Respondent-Appellee).

Second District   No. 2—91—0233

Opinion filed March 3, 1993.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, David A. Bernhard, John X. Breslin, and Robert M. Hansen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The State appeals from the circuit court's order dismissing its petition to have the respondent, J.A., declared a delinquent minor. The State contends the court erred in dismissing the petition on the ground of prejudicial delay.

On August 1, 1989, the State filed a petition for adjudication of wardship of respondent. Count I alleged that respondent, who was born August 16, 1979, was a delinquent minor by virtue of having committed arson (Ill. Rev. Stat. 1989, ch. 38, par. 20—1(a)). It further alleged that he knowingly damaged by fire a garage belonging to Jacque Cribb.

Count II alleged that respondent committed criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(b)). Count II further alleged that the minor recklessly damaged the garage by lighting a soda can filled with gasoline which fell over and spilled out. This in turn ignited a nearby lawn mower, which caused the garage to burn.

The cause was continued a number of times for various reasons. On July 9, 1990, the matter was called for status. The parties stated that they were unable to reach an agreement regarding a disposition, so the court set an August 2 trial date.

On August 2, the State filed a motion for a continuance. The State, represented by a Rule 711 law student (134 Ill. 2d R. 711), stated that the prosecutor assigned to the case was on trial in another courtroom. In addition, he stated that two material witnesses from the Waukegan fire department were out of State and thus unavailable.

Noting that the matter had been specially set, the court called it "absolutely inexcusable" that the State failed to inform the court or defense counsel of its scheduling problems prior to the case being called for trial. Nonetheless, the court granted the State a continuance to August 28. The court specifically admonished the State to contact personally its witnesses to ensure their availability and to inform defense counsel and the court ahead of time if there was going to be a problem.

On August 28, the cause was called for trial. The assistant State's Attorney informed the court that her primary witness, Officer Carry, was on "annual leave." She stated that she was prepared to present her witnesses other than Officer Carry, then continue the matter for Carry's testimony. She did not think she could prove her case without Carry.

Defense counsel objected to a further continuance. The court reminded the assistant State's Attorney that it had specifically ordered the State to determine the availability of its witnesses ahead of time and indicated that it would not grant a further continuance. The State then requested leave to withdraw the petition. The court apparently believed that it had no discretion to deny the request and therefore granted the State's motion to withdraw the petition.

On September 6, the State refiled the petition. However, it was not served on the minor until December 18. Eleven attempts were made to serve the summons at 1025 Hickory, which had been the minor's address when the previous petition was filed. On November 9, 1990, an alias summons was issued to the respondent at 2035 Atlantic Avenue. This summons was not served because the officer attempting service found that the address did not exist. The highest street number on Atlantic Avenue was 1021. Yet another summons was issued, apparently to the correct address, and was served on December 18, 1990, on the eighth attempt.

Respondent filed a motion to dismiss the refiled petition, alleging that the State's Attorney's actions were abusive, that the delay in serving respondent was unjust, and that the overall delay was prejudicial to his best interests.

The court conducted a hearing on respondent's motion on January 25, 1991. The State argued that much of the delay in the case was attributable to respondent, that the State's actions were not an intentional attempt to harass or prejudice respondent, and that the failure to serve respondent was due to his change of address.

The court granted respondent's motion and dismissed the petition. The court found that prejudice to the minor could be presumed. Balancing the interests of the minor and the public, the court concluded that the delay was a fundamental deprivation of due process, warranting dismissal of the petition. The State filed a timely notice of appeal.

On appeal, the State contends that the court improperly dismissed the petition on the ground of a prejudicial delay in bringing the minor to an adjudicatory hearing. The State maintains that the total amount of delay attributed to it was reasonable under the circumstances and that respondent has failed to demonstrate any actual and substantial prejudice resulting from the delay.

In *In re C.T.* (1983), 120 Ill. App. 3d 922, the Appellate Court, First District, relying on *People v. Lawson* (1977), 67 Ill. 2d 449, determined that the trial court had the authority to dismiss a delinquency petition where it found a fundamental denial of due process due to prejudicial delay. (120 Ill. App. 3d at 926-27.) The court noted that the juvenile court's function is to ensure that the best interests of the minor respondent, his family and society are served. (120 Ill. App. 3d at 925.) The court held, however, that respondent is required to show actual and substantial prejudice. Once the minor makes a clear showing of prejudice, the burden shifts to the State to show the delay was reasonable. (120 Ill. App. 3d at 927.) In *C.T.*, the court after two continuances requested by respondent marked the case "final." The State filed a single motion for continuance due to the unavailability of a witness. The court denied the motion and dismissed the petition. The appellate court found that respondent failed to demonstrate actual and substantial prejudice. 120 Ill. App. 3d at 929.

Cases subsequent to *C.T.* have held that prejudicial delay may be presumed under certain circumstances. In *In re F.H.* (1989), 190 Ill. App. 3d 321, the court held that prejudice to respondent could be presumed where the adjudicatory hearing took place more than nine months after respondent answered ready for trial and one year after the delinquency petition was filed. (190 Ill. App. 3d at 331.) The court found that the record showed "a certain degree of laxity by the State" which supported the conclusion that the delay was neither justified nor reasonable. 190 Ill. App. 3d at 331-32.

■ Despite the presumption of prejudice, the court proceeded to balance the interests of the respondent, his family, and society. The court noted that the overriding concern of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1989, ch. 37, par. 801—1 *et seq.*) is the welfare of the minor, that the Act is intended to be remedial rather than punitive, and that it specifically provides for promptness in juvenile proceedings. 190 Ill. App. 3d at 332-33; Ill. Rev. Stat. 1989, ch. 37, par. 805—14.

This balancing of the competing interests resulted in a determination that the dismissal of the petition was justified. The court noted that respondent was required to absent himself repeatedly from school and was subject to prolonged anxiety regarding his fate. During the proceedings, the minor had attempted "to lead a socially constructive life." (190 Ill. App. 3d at 333.) The court noted that the prolonged proceedings had adversely affected respondent's above-average grades. The court further noted the disruption wrought on respondent's family. Although the offense was serious, the court believed the effect of the proceedings on

respondent and his family outweighed any adverse impact on society. 190 Ill. App. 3d at 333-34.

■ In the instant case, the court correctly balanced the various interests served by the Juvenile Court Act. As in *F.H.*, the social investigation report reveals that respondent is an above-average student and, except for this one incident, has led a law-abiding life. Respondent has missed time from school to attend court appearances, and his father has missed time from work to appear with him. Including the pendency of this appeal, it has now been nearly four years since the incident which gave rise to these proceedings. "The threat of the loss of liberty should not indefinitely hang over a minor's head." *In re Armour* (1973), 15 Ill. App. 3d 529, 536.

Moreover, the interests of society will not be disserved by the dismissal of the petition. Although the State characterizes respondent's conduct as "arson," the specific allegations of the petition do not appear to support such a charge. Rather, the petition alleges that respondent and his friend lit a soda can filled with gasoline which was tipped over, setting the garage on fire. While this conduct was undoubtedly stupid, it must be remembered that respondent was nine years old at the time and is presumed to have lacked the judgment of an adult. In short, respondent is guilty of little more than a childish prank which went awry. It is not as though a dangerous person is being turned loose on the streets. Moreover, although the record is unclear, it appears that either restitution to the victim has already been paid or, at least, that the minor's family has insurance available to cover the loss. Thus, some provision has been made for the victim.

We further note that in the instant case, unlike cases such as *C.T.*, the State disregarded the court's orders. The State ignored the court's direction to contact its witnesses prior to the August 28 trial date and inform the court ahead of time if there would be a conflict. Moreover, even after the petition was refiled, it required another 3½ months to effect service on respondent. Although respondent's family did move during the pendency of the proceedings, the record supports the court's implicit finding that the State was less than diligent in procuring service of the refiled petition. The court was justified in dismissing the petition as a means of upholding its authority.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and QUETSCH, JJ., concur.