129 Ill. App.3d 715 (1985)
473 N.E.2d 132
In re A.L.J., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
A.L.J., Respondent-Appellant).
No. 4-84-0322.
Illinois Appellate Court  Fourth District.
Opinion filed January 7, 1985.
Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Order vacated and cause remanded.
JUSTICE WEBBER delivered the opinion of the court:
On October 8, 1983, the circuit court of Champaign County adjudicated the minor delinquent and made him a ward of the court pursuant to section 4-8(2) of the Juvenile Court Act. (Ill. Rev. Stat. 1983, ch. 37, par. 704-8(2).) At the dispositional hearing, held on November 22, 1983, the court vacated the adjudication of delinquency and wardship and placed the minor on supervision for 12 months.
On January 25, 1984, a petition to revoke supervision was filed, alleging that the minor had committed the offense of theft. A hearing was held on this petition on March 21, 1984. The minor stipulated to the offense, and after the proper admonitions and procedures, the court accepted the stipulation, adjudicated the minor delinquent and made him a ward of the court. A dispositional hearing was scheduled for May 1, 1984.
A supplemental petition to revoke supervision was filed on March 23, 1984, alleging criminal trespass to land. As with the original petition, the minor stipulated to the offense, and the stipulation was accepted by the court at a hearing on April 6, 1984. The court used a different form of order on this occasion and made no findings other *716 than that the order of supervision had been violated. A dispositional hearing on this matter was also set for May 1, 1984.
At the dispositional hearing, the court entered an order noting that it had "previously" adjudicated the minor delinquent and decreed wardship; it then committed the minor to the Department of Corrections. This appeal followed.
On appeal the minor first contends that the trial court committed error in making the finding of wardship at the adjudicatory hearing of March 21, 1984. We agree.
Pursuant to Public Act 83-931, effective January 1, 1984, sections 4-8 and 5-1 of the Juvenile Court Act (Ill. Rev. Stat., 1983 Supp., ch. 37, pars. 704-8, 705-1) were amended. Section 4-8(2), dealing with the adjudicatory hearing stage of a juvenile proceeding, now states in pertinent part:
"(2) If the court finds that the minor is a person described in Section 2-1, the court shall note in its findings whether he is delinquent, addicted, requiring authoritative intervention, neglected or dependent, specifying which of Sections 2-2 through 2-5 is applicable. The court shall then set a time for a dispositional hearing * * * at which hearing the court shall determine whether it is in the best interests of the minor and the public that he be made a ward of the court."
Prior to this amendment, the determination as to wardship was to be made at the adjudicatory hearing (see Ill. Rev. Stat. 1983, ch. 37, par. 704-8(2)).
Section 5-1(1), dealing with the dispositional hearing stage of a juvenile proceeding, was amended to state in pertinent part:
"(1) At the dispositional hearing, the court shall determine whether it is in the best interest of the minor and the public that he be made a ward of the court." Ill. Rev. Stat., 1983 Supp., ch. 37, par. 705-1(1).
Clearly, then, the court's procedure in the present case was in contravention of both sections 4-8 and 5-1 of the Juvenile Court Act. We do not consider the court's error to be harmless.
The trial judge in this case drafted what eventually became Public Act 83-931 as a part of his "1983 legislative package," a series of 23 bills aimed at correcting his perceived deficiencies in the criminal and juvenile justice system. This "package" was dispatched to an unascertained number of representatives. Accompanying the draft of Public Act 83-931 was a "Statement of Legislative Intent," an ex officio document prepared by the trial judge to aid the legislators in comprehending the nature and purpose of the proposed bill. In pertinent part *717 it provides:
"[W]hen a juvenile is disputing a charge that he committed a crime, the parties are rarely, if ever, prepared to present the kind of aggravating and mitigating evidence normally presented at the [dispositional] stage.
* * *
To put it another way, the trial of a juvenile on a delinquency charge should be concerned solely with whether the state can prove his guilt beyond a reasonable doubt. If the state is able to do so, or the juvenile admits to committing the crime charged, then, but only then, should the court receive information concerning whether it would be necessary to * * * make him a ward of the court and * * * what would then be an appropriate disposition. An additional benefit to this procedure would be an opportunity for the trial court to order dispositional reports to be prepared by the probation office. In this way, prior to deciding whether a juvenile should be made a ward of the court, the court would have before it a detailed assessment of the juvenile and all facets of his life, as opposed to the groping `inquiry' on the minor's current status * * * during the [adjudicatory hearing] in which the [minor's] guilt or innocence is being determined."
Since the minor, here, was denied the obvious benefits of the newly mandated procedures, we believe the trial court has committed reversible error.
We find it curious that the trial judge in this case was the chief proponent of Public Act 83-931 before the legislature, yet when the time came for its application, he reverted to the abolished procedure.
The minor also alleges that certain unreliable hearsay evidence was improperly considered at his dispositional hearing. Since we decided that the minor should receive a new dispositional hearing and since this evidence is unlikely to be presented a second time, we need not consider this contention.
Accordingly, the Champaign County circuit court's determination of wardship and commitment of the minor to the Department of Corrections, Juvenile Division, is hereby vacated and the cause is remanded for a new dispositional hearing.
Vacated and remanded.
MILLS and TRAPP, JJ., concur.