*In re* D.D., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. D.D., Respondent-Appellant).

Fourth District   No. 4—85—0362

Opinion filed December 31, 1985.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On May 11, 1984, a petition was filed against the above-named minor and on June 20, 1984, the minor stipulated to the petition, the court entered an order stating that the minor "is therefore a delinquent minor," and the docket entry showed that the minor was "adjudicated a delinquent minor and made a ward of the court." On August 9, 1984, the adjudication entered on June 20, 1984, was vacated; the minor was placed on 12 months' court supervision as a result of a dispositional hearing on that date. On September 20, 1984, a petition to revoke supervision was filed and on November 20, 1984, the minor was adjudicated a delinquent, made a ward of the court, and a dispositional hearing was set for December 18, 1984. With respect to the hearing of November 20, 1984, it is clear by the order entered by the trial judge, by the docket entry made by the clerk, and the transcript of the proceedings of that date, the minor was adjudicated a delinquent and made a ward of the court. At a dispositional hearing on December 18, 1984, the minor was placed on probation for a period of 12 months. Subsequently on February 25, 1985, a petition to revoke probation was filed. On April 25, 1985, there was a hearing held, the court found the violations proved, and a dispositional hearing was set for May 28, 1985. At the hearing on May 28, 1985, the minor was committed to the Department of Corrections and immediately on that day a notice of appeal was filed.

On appeal the minor contends that the trial court committed error in making the finding of wardship at the adjudicatory hearing of November 20, 1984, rather than at the dispositional hearing (Ill. Rev.

Stat., 1984 Supp., ch. 37, pars. 704—8(2), 705—1(1); *In re A.L.J.* (1985), 129 Ill. App. 3d 715, 473 N.E.2d 132); and, therefore, that the determination of wardship, as well as the later commitment of respondent to the Department of Corrections after a petition to revoke probation and the minor's stipulation to the allegations therein, should be vacated and the cause remanded for a new dispositional hearing.

The general rule is that where no direct appeal was taken from the original order of probation and the time for appeal had expired, the court will be later precluded from collaterally reviewing the propriety of that initial order in an appeal from the revocation of that probation. (*People v. Stueve* (1977), 66 Ill. 2d 174, 178, 361 N.E.2d 579, 581, and cases cited therein; *In re T.E.* (1981), 85 Ill. 2d 326, 333, 423 N.E.2d 910, 913.) An order which is void, however, may be attacked at any time. (*People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579; *In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910.) After careful consideration, we conclude that any error committed when the trial judge does not defer the adjudication of wardship, as provided by statute, is not of a nature which would render void the adjudication of wardship, dispositional order, and judgment entered in subsequent proceedings following a petition to revoke.

*A.L.J.,* on which the respondent relies, is distinguishable since in that case, the appeal was from the dispositional order immediately following the adjudicatory hearing at which the minor had been decreed a ward of the court. In this case, the time for appeal from error caused by the declaration of wardship at the adjudicatory hearing in November 1984, rather than the dispositional hearing in December 1984, had passed by the time the petition to revoke was filed in February 1985. In the proceedings on the petition to revoke, the trial court had unquestioned jurisdiction over the parties and the subject matter. *People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579.

For the foregoing reasons, the order of the circuit court of Champaign County is affirmed.

Affirmed.

GREEN and MORTHLAND, JJ., concur.