200 Ill. App.3d 249 (1990)
558 N.E.2d 763
In re P.E.K., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
P.E.K., a Minor, Respondent-Appellant).
No. 4-90-0063.
Illinois Appellate Court  Fourth District.
Opinion filed August 2, 1990.
*250 Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.
Charles Colburn, State's Attorney, of Jacksonville (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Judgment affirmed and caused remanded.
JUSTICE LUND delivered the opinion of the court:
On December 14, 1989, respondent P.E.K. appeared in the circuit court of Morgan County and admitted committing the offense of criminal damage to property. He was subsequently placed on probation and ordered to pay restitution. Respondent now appeals this disposition.
On November 21, 1989, a petition for adjudication of wardship was filed, alleging respondent was delinquent and that he had committed the offense of criminal damage to property. (Ill. Rev. Stat. 1989, ch. 38, par. 21-1.) The particulars of the alleged offense were that on October 14, 1989, respondent damaged property of the Liberty *251 Church, being various tombstones, a crucifix, a door, and a hasp. On December 14, 1989, respondent appeared with a corespondent, J.E.C. They both admitted their involvement in the offense. The court found them delinquent, made them wards of the court, and continued the matter for a dispositional hearing.
Respondent's hearing was held on January 18, 1990. The State presented evidence from the investigating officer concerning the offense which included a series of pictures detailing the damage. A member of the Liberty Church board testified to the problems the church has with vandalism and to the cost of repairs. The court placed respondent on probation, with the special conditions that he serve 30 days' detention, pay $826 of restitution, and perform 500 hours of public service. This appeal followed.
 1 Respondent initially contends the court erred by making him a ward of the court at the adjudicatory hearing rather than at the dispositional hearing. Respondent is correct. (See In re A.L.J. (1985), 129 Ill. App.3d 715, 716, 473 N.E.2d 132, 133.) This conclusion, however, does not require reversal.
In A.L.J., this court held that a similar error could not be considered harmless and reversed the trial court's determination. (A.L.J., 129 Ill. App.3d at 717, 473 N.E.2d at 133.) Respondent, believing this case created a blanket rule to that effect, argues that his case must similarly be reversed. However, we believe that case was not intended to create such a blanket rule and is best limited to its peculiar circumstances. Subsequent courts have concluded that this error is harmless where the court has considered the dispositional evidence before entering its dispositional order. (In re L.W. (1988), 171 Ill. App.3d 1056, 1063, 525 N.E.2d 560, 565; In re E.S. (1986), 145 Ill. App.3d 906, 911-12, 495 N.E.2d 1334, 1338; In re G.L. (1985), 133 Ill. App.3d 1048, 1053, 479 N.E.2d 1234, 1238.) We believe this is the better analysis.
In the present case, the court heard all the evidence and arguments before entering its dispositional order. Further, prior to proceeding at the dispositional hearing, the court explained the range of dispositions, which included the possibility of no restrictions being placed upon respondent. Thus, it does not appear the court's errant order of wardship at the adjudicatory hearing had any bearing on the ultimate disposition. Since respondent was not prejudiced, we find this error harmless.
 2 Respondent next raises a myriad of alleged errors concerning the order of restitution. He initially argues the restitution amount is wrong because the evidence does not establish he is responsible for all *252 the damage included in the repair estimate. Recently this court stated, "In the absence of some specific claim of inaccuracy in a presentence report, we hold that evidence in addition to information contained in the presentence report is not required. Thus, in the present case, no additional evidence regarding restitution, beyond the information on that subject contained in the presentence report, was required." (Emphasis in original.) (People v. Powell (1990), 199 Ill. App.3d 291, 295.) While that case involved procedures under criminal proceedings, we find its analysis equally applicable to juvenile proceedings and so hold now. In the case at bar, the record establishes that the repair estimate was contained in the dispositional report, which all the parties acknowledged receiving. At no time during the hearing was the amount questioned, nor was it asserted by respondent or his parents that he was not responsible for the listed damages. In fact, the only question in any regard to the restitution was respondent's mother's query as to whether respondent was liable for the entire restitution by himself. Accordingly, it is clear pursuant to Powell that respondent has waived any allegation of error in this regard.
 3 Respondent next contends the court erred by failing to apportion the payments of restitution between himself and J.E.C. There is no error. The docket sheet establishes both respondents were ordered to pay the entire restitution. Restitution orders made under the Juvenile Court Act of 1987 are controlled by section 5-5-6 of the Unified Code of Corrections. (See Ill. Rev. Stat. 1987, ch. 37, par. 805-23(b)(5); Ill. Rev. Stat. 1989, ch. 38, par. 1005-5-6.) Section 5-5-6(c) directs that in situations such as this each party be ordered to pay the entire amount of restitution. (Ill. Rev. Stat. 1989, ch. 38, par. 1005-5-6(c).) The court may then apportion the payment of restitution (Ill. Rev. Stat. 1989, ch. 38, par. 1005-5-6(c)(2)) but, in the event it does not, then each party shall be responsible for his or her pro rata share. (Ill. Rev. Stat. 1989, ch. 38, par. 1005-5-6(c)(3).) Thus, it is clear the apportionment respondent seeks has been made.
 4 Respondent next contends the court erred by failing to give him credit against the restitution for the public service work he performs. Section 5-5-6(b) allows credit for "property damages ordered to be repaired by the defendant, and for property ordered to be restored by the defendant." (Ill. Rev. Stat. 1989, ch. 38, par. 1005-5-6(b).) Respondent believes any of the public service work he might perform at the Liberty Church should be considered in this vein. However, a close look at the court's order shows that respondent was to perform 500 hours of public service at rural cemeteries, which could *253 include the victim's cemetery. The court's stated intention was that this would include mowing and the cleaning and repair of tombstones. It is then evident these 500 hours were meant as a separate condition of probation (see Ill. Rev. Stat. 1989, ch. 37, par. 805-24(2)(n)), and not as an order to repair the specific damages defendant caused. Accordingly, he is entitled to no credit.
 5 Respondent finally contends the court erred by failing to set forth a method or time limit of payment as required by statute. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005-5-6(f).) The State agrees with this contention, as do we. (See People v. Hayes (1988), 173 Ill. App.3d 1043, 1052, 527 N.E.2d 1342, 1350.) Accordingly, the matter must be remanded for the court to set the conditions of payment as required.
Affirmed and remanded with directions.
GREEN and STEIGMANN, JJ., concur.