(No. 46361.—

*In re* ANTHONY RAY ARMOUR, a minor, Respondent.— (The People of the State of Illinois, Appellee, v. Anthony Ray Armour, Appellant.)

*Opinion filed November 18, 1974.*

Paul Bradley, First Deputy, Office of State Appellate Defender, and Laurence A. Benner, Assistant Appellate Defender, both of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., Zenon Forowycz, and Ferdinand M. Minelli, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

On July 3, 1971, two delinquency petitions, charging attempted robbery and murder, were filed in the juvenile division of the circuit court of Cook County against Anthony Ray Armour, a minor. On July 9, 1971, the court released the minor, who was 17 years old, into his parents' custody and set the adjudication hearing for August 4, 1971. On that date the case was continued on the minor's motion, and after the case had been continued several times more on motions of the State, the minor, the court, and by agreement, the adjudicatory hearing was held on February 29, 1972. The court found the minor delinquent on the charges of attempted robbery and murder and committed him to the Department of Corrections until he will be 21 years old. He appealed, and the appellate court affirmed. (15 Ill. App. 3d 529.) We granted the minor's petition for leave to appeal.

A single question appears on this appeal. Section 4—2 of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 704—2) states that an adjudicatory hearing shall be set within 30 days of the filing of a delinquency petition. The adjudicatory hearing here was scheduled for August 4, 32 days after the filing of the delinquency petition. The minor argues that the consequence of this failure to meet exactly the provisions of the statute is that he is entitled to be discharged.

The State's position is that the provision simply requires that an adjudicatory hearing be set within 30 days and does not require that the hearing actually be held within 30 days or, in the alternative, that the provision is to be considered as only directory and not mandatory.

Assuming for purposes of the minor's contention that the statute calls for the holding and not simply the setting of a hearing within 30 days, we judge that the circumstance that the adjudicatory hearing was not scheduled to be held within 30 days of the filing of the petition did not

deprive the court of jurisdiction.

At the time concerned here section 4—2 (Ill. Rev. Stat. 1971, ch. 37, par. 704—2) provided:

> "When a petition has been filed, it shall be set for an adjudicatory hearing within 30 days. In the case of a minor ordered held in detention, however, the petition must be set for hearing within 10 judicial days from the date of the order of the court directing detention or the earliest possible date in compliance with Sections 4—3 and 4—4." (Sections 4—3 and 4—4 provide for notice of the filing of the petition to be given to the minor and other respondents.)

We seek, of course, to determine what the legislative intent was in enacting the statute. "In determining the intent of the legislature consideration must be given to the entire statute, its nature, objects and the consequences which would result from construing it one way or another." *Carrigan v. Illinois Liquor Control Com.,* 19 Ill.2d 230, 233.

That the legislature used the word "shall" in providing for the setting of a hearing within 30 days will not require an interpretation that the provision is mandatory and not directory. In *Cooper v. Hindrichs,* 10 Ill.2d 269, 272, this court said: "The terms of the statute do not themselves indicate unequivocally whether the statute is mandatory or discretionary in character. The word 'shall' appearing therein does not have an exclusive, fixed or inviolate connotation, and has been construed as meaning both 'must' and 'may,' depending upon the legislative intent." Also see J. Sutherland, Statutes and Statutory Construction, sec. 57.03 (4th ed. 1973).

Illinois was the first State to adopt (1899) a juvenile court statute. The first purpose of such a statute is not to punish but to correct. (Ill. Rev. Stat. 1971, ch. 37, par. 701—2.) Society is interested for its own sake as well as for the minor's individual welfare in guiding and rehabilitating. These interests cannot always be served by a mechanical adherence to rote or formula. Study, care and patience

may be called for to meet an individual minor's need. We do not consider that the legislature intended that should an adjudicatory hearing not be held precisely within 30 days that the minor should be discharged or be abandoned, as it were, and that society's effort to correct, to rehabilitate and to guide should come to a halt. This would be the result should the argument of the minor here be accepted.

We consider, too, that the language of section 4—2 is not language expressing sufficiently a legislative intention that a minor not receiving an adjudicatory hearing within 30 days should be discharged. It is to be noted that the legislature, in the statute which assures an accused adult trial within 120 days of his arrest (Ill. Rev. Stat. 1971, ch. 38, par. 103—5), stated the consequence of not providing a trial. Section 103—5(d) of the Code of Criminal Procedure of 1963 provides: "Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

We conclude that the court here did not lose jurisdiction of the minor's case when it scheduled the hearing for a date 32 days after the filing of the delinquency petition.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*