THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EVELYN GERENA *et al.*, Defendants-Appellees.

First District (5th Division)   No. 78-392

Opinion filed August 25, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Linda Dale Woloshin, and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Brian L. Heise and Timothy P. O'Neill, Assistant Public Defenders, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

On September 23, 1977, the trial court ordered the dismissals with prejudice of the charges brought by the State against defendants, Evelyn Gerena, Nelson Rivera and Jesus Carrasquillo. The charges were dismissed for want of prosecution upon motion of defendants. The State has appealed, contending that it was error for the trial court to dismiss the charges because it lacked the authority to do so, because the dismissal motions were in improper form, and because it was an abuse of discretion for the trial court to deny the State's motion for continuance.

We reverse. The facts are as follows.

On September 10, 1977, defendant Nelson Rivera was charged by complaint with theft and possession of a stolen vehicle. Rivera did not post bond and the case was set to be heard on September 12, 1977. Also on September 10, 1977, defendant Jesus Carrasquillo was charged by complaint with criminal trespass to a vehicle. The case was also set to be heard on September 12, 1977, and Carrasquillo was released on his own recognizance. On September 12, 1977, a complaint was filed charging defendant Evelyn Gerena with criminal trespass to a vehicle. She was released on bond pending a September 23, 1977, court appearance.

On September 12, 1977, defendants Rivera and Carrasquillo appeared in court. The State was granted a continuance, which the court indicated was final, and the cases were set for trial on September 23, 1977. On September 23, 1977, all three defendants appeared in court, defendant Gerena for the first time. The State again requested a continuance, which the trial court denied. The court pointed out that the previous continuance had been a final one because the complaining officer had not been in court, and that the officer's failure to appear the second time did not merit a continuance.

All three defendants then entered oral motions to dismiss the charges against them. The court ordered dismissal of all charges with prejudice because of the absence of the complaining officer. The State appealed.

OPINION

The sole issue on appeal is whether the trial court properly granted defendants' motions for dismissals.

The State first maintains that the trial court was without the authority to dismiss the charges. The grounds for dismissals before trial are enumerated in section 114—1 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1975, ch. 38, par. 114—1.) A dismissal for want of prosecution is not included therein.

However, in *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, our supreme court recognized the "inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due

process even though that is not a stated ground in section 114—1." (67 Ill. 2d 449, 455.) A two-step process was established which initially places the burden upon the defendant to make "a clear showing of actual *and* substantial prejudice." (Emphasis in original.) (67 Ill. 2d 449, 459.) Upon a showing of substantial prejudice caused by the delays, the burden then shifts to the State to show that the delay was reasonable. In the event that the trial court finds both substantial prejudice and reasonableness of delay, it must then add a third step and balance the interests of the defendants and the public in making its decision. 67 Ill. 2d 449, 459.

Defendants contend that they were substantially prejudiced because the State failed to produce its complaining witness. A "repeated continuance," they argue, "would have denied" them a prompt trial. They maintain that this delay constitutes a denial of due process and that they have thus met their burden under *Lawson*.

We do not agree. Defendant has shown neither actual nor substantial prejudice. Speculation as to future repeated continuances does not amount to actual prejudice. Nor can a mere continuance, on its own, be considered to substantially prejudice defendants. The record in the instant case shows that no argument was made in support of defendants' motions for dismissal. Moreover, there was no demand for trial and no objection voiced when the State made its original request for the continuance. Clearly, defendants have made no showing at all of any kind of prejudice. The argument on appeal of the bare conclusion that defendants were substantially prejudiced is not sufficient to bring the case within the *Lawson* exception to section 114—1.

The State has cited *People v. Shick* (1968), 101 Ill. App. 2d 377, 243 N.E.2d 285, in support of its contention that the trial court did not have the authority to dismiss the case. In *Shick*, the defendant was indicted on April 21, arraigned on May 9, and appeared for trial on May 25. Following a pre-trial conference, defendant had answered ready for trial. The State, however, requested a continuance because some of its witnesses had left. The State's motion was denied and defendant made a motion to dismiss which was granted.

On appeal, this court reversed the trial court and stated that the only grounds for a dismissal prior to trial are those found in section 114—1. It went on to state that the only ground within that section that could relate to a dismissal for want of prosecution is that the defendant had not been placed on trial in compliance with section 103—5 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5.) Section 103—5 not being in point there, the trial court was found to be without the authority to discharge the defendant pursuant to the pretrial motion for dismissal.

We find this case to fall squarely within *Shick*. Defendants Carrasquillo

and Rivera had been in court for proceedings on the charges only once before the dismissal was requested. Defendant Gerena was in court for the first time. No more than 13 days had passed since the charges had been filed against defendants.

Thus, we conclude that, absent a clear showing that would bring defendants within the *Lawson* exception, a motion for dismissal prior to trial must be based upon one of the grounds found in section 114—1. The instant motions for dismissal not being based upon any of the grounds within that section, we find that the trial court improperly granted defendants' motions to dismiss for want of prosecution.

In light of our conclusion that the trial court lacked the authority to dismiss the instant case pursuant to defendants' oral motion, we need not consider the State's other contentions regarding the form of defendants' motions and the propriety of the trial court's denial of the State's motion for continuance.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and LORENZ, J., concur.