THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
A.L., a Minor, Respondent-Appellant.

First District (1st Division)   No. 86—1543

Opinion filed April 25, 1988.

Elizabeth E. Clarke, of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (John A. Gasiorowski and Sharon Bachert-Bedford, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

The respondent-appellant, A.L., was 16 years old with no prior delinquency record when he was made the subject of a petition for adjudication of wardship filed on September 26, 1984. The State alleged that he had committed the misdemeanor offenses of battery and criminal damage to property. On November 2, 1984, the minor demanded trial. On December 31, 1984, the minor answered ready for trial and then entered a second demand for trial. On April 23, 1985, the minor filed a motion to dismiss for failure to provide a speedy trial.

On May 8, 1985, the State moved to strike the juvenile petition with leave to reinstate the case (a procedure referred to as "stricken on leave" or SOL) as the complainant had failed to appear to testify. The minor asked that, rather than the cause being stricken with leave to reinstate, the cause be dismissed for failure to provide a trial within a reasonable period of time. Following a hearing, the minor's petition to dismiss the petition was denied and the State's motion to strike the petition with leave to reinstate was granted.

On January 10, 1986, the minor filed a motion to reinstate the juvenile petition and to then dismiss the cause for failure to provide a speedy trial. That motion was denied on March 14, 1986. The minor filed a late notice of appeal on July 7, 1986. On June 25, 1986, the State filed a motion to dismiss for failure to state an appealable issue. This motion was taken with the case.

The issue presented for review is whether the juvenile court erred in refusing to dismiss the petition against A.L. for failure to grant the minor a speedy trial. In addition, the minor has also requested that this court reinstate his juvenile petition and then dismiss the petition for failure to provide the minor with a speedy hearing. This we are

unable to do, as the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion on whether to bring charges against a minor. This court cannot, consistent with the principle of separation of powers, assume the role of prosecutor and direct that charges be reinstated against the minor. (See *People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 51, 445 N.E.2d 270.) Thus, at the present time the charges are essentially in abeyance, subject to reinstatement at the request of the State's Attorney's office. See *People v. Sanders* (1980), 86 Ill. App. 3d 457, 467, 407 N.E.2d 951.

■ Because the charges against the minor are in a dormant state, the State's position is that the matter is not final and appealable and therefore this court lacks jurisdiction to consider the appeal. The State relies principally on *In re A.M.* (1981), 94 Ill. App. 3d 86, 418 N.E.2d 484, in which the court held that as an order of supervision of a minor was a continuance of the cause and did not finally dispose of the petition of delinquency on the merits, the case was not subject to review. The State maintains that the continued supervision of the minor in *In re A.M.* is analogous to the situation before us in which the minor's petition of delinquency was stricken with leave to reinstate at some unspecified future date.

We do not find the present case analogous to *In re A.M.* In that case, the court had declined to adjudicate the minor a delinquent but, on the minor's request, had continued the minor under court supervision until age 18 pursuant to section 4—7 of the Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 704—7). The appellate court found the provision allowing for supervision of a minor meaningful and in keeping with the purpose of the Juvenile Court Act, as it permitted supervision of the minor while protecting the minor from the taint of a "record" and at the same time enabled the court to rehabilitate the minor and protect the public. (*In re A.M.*, 94 Ill. App. 3d at 89-90.) The minor here is not merely facing a continuance, however; rather, the SOL procedure allows charges against the minor to pend indefinitely. Moreover, the minor here, unlike the minor in *In re A.M.*, did not request continued supervision. The minor repeatedly requested a speedy hearing on the allegations of delinquency.

Several other cases cited by the State are also not sufficiently analagous to the situation here to support the State's argument that this is not a final appealable order. The cases cited by the State involve two interlocutory appeals from the denial of motions to dismiss (*People v. Miller* (1966), 35 Ill. 2d 62, 219 N.E.2d 475; *People v. Culhane* (1975), 34 Ill. App. 3d 158, 340 N.E.2d 63); an appeal from a

probation revocation (*People v. Nordstrom* (1966), 73 Ill. App. 2d 168, 219 N.E.2d 151); and an appeal from a mistrial (*People v. Gathings* (1984), 128 Ill. App. 3d 475, 470 N.E.2d 1260, *appeal denied* (1985), 102 Ill. 2d 556.) Thus we do not find them determinative on the question of whether the case before us is reviewable.

In that the SOL procedure employed here indefinitely prolongs the possibility of prosecution with no anticipated termination, we believe that this is a final judgment for purposes of appeal. We find *Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988, to be directly on point.

*Klopfer* involved an appeal by the defendant from North Carolina's "nolle prosequi with leave" procedure. The procedure allowed the prosecutor to discharge the defendant while indefinitely reserving the right to restore the case for trial. The North Carolina Supreme Court had held that while the defendant had a right to a speedy trial once he had been charged, that right did not require the State to prosecute where it had been given the right to take a *nolle prosequi*. The United States Supreme Court reversed, finding that the indefinite postponement of the resolution of charges against the defendant violated his right to a speedy trial under the sixth and fourteenth amendments of the constitution. (*Klopfer v. North Carolina* (1967), 386 U.S. 213, 222, 18 L. Ed. 2d 1, 7, 87 S. Ct 988, 993.) Under the circumstances presented in *Klopfer* the court concluded that it was not barred from reviewing the merits of the case. As the SOL procedure used by the State of Illinois is in effect identical to the procedure at issue in *Klopfer*,[1] we conclude that the order of the trial court here is similarly a final order for purposes of this appeal. Therefore, the State's motion to dismiss for failure to state an appealable issue is denied.

The State has attempted to distinguish *Klopfer* from the case at bar, arguing that the procedure in *Klopfer*, unlike the Illinois procedure, allowed the State to reinstate the prosecution without further order of the court. We believe this distinction is not meaningful in that the prejudice to the discharged minor here lies in the indefinite suspension of the prosecution, not in the lack of a hearing upon reinstatement of the prosecution.

---

[1]The *Klopfer* decision has been held applicable to adult defendants in Illinois through the rule that when criminal charges against an adult are stricken with leave to reinstate, the statutory speedy trial period continues to run after the disposition. See, *e.g., People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Rodgers* (1982), 106 Ill. App. 3d 741, 435 N.E.2d 963, *appeal denied* (1982), 91 Ill. 2d 578; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951.

■ The next question raised is whether the speedy trial provisions of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 704—2) were applicable. The minor's motion to dismiss for failure to provide a speedy trial was heard and denied on May 8, 1985. The first enactment of Public Act 83—1517, which gave a minor a statutory right to a trial within 120 days, went into effect on July 1, 1985,and remained in effect only for one day.[2] The minor's motion was dismissed two months before the right to a speedy trial was established by the Juvenile Court Act and our courts have held, based on the distinctions between juvenile proceedings and criminal prosecutions, that the speedy trial provisions of the criminal code are inapplicable to juveniles. See, *e.g., People v. Woodruff* (1981), 88 Ill. 2d 10, 430 N.E.2d 1120; *In re M.A.* (1985), 132 Ill. App. 3d 444, 448, 477 N.E.2d 27, *appeal denied* (1985), 106 Ill. 2d 558.

In the absence of a right to dismissal under the speedy trial provisions of the Juvenile Court Act or the criminal code, we must still consider whether the seven months' delay at issue here constituted a due process violation under fundamental principles of due process and under case law interpreting the Juvenile Court Act.

It is well established that juveniles charged with petitions of delinquency are entitled to fundamental due process protections. (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428; *In re Winship* (1970), 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068.) In *People v. Lawson* (1977), 67 Ill. 2d 449, 456, 367 N.E.2d 1244, the Illinois Supreme Court ruled that a trial court may dismiss a criminal complaint or indictment where a delay has actually and substantially prejudiced the defendant in clear violation of due process requirements. That rule was held applicable in juvenile proceedings in *In re C.T.* (1983), 120 Ill. App. 3d 922, 926-27, 458 N.E.2d 1089.

Under *Lawson,* the minor must first come forward with a clear showing of actual and substantial prejudice. Upon a showing of prejudice, the burden shifts to the State to show that the delay was reasonable. (*Lawson,* 67 Ill. 2d at 459.) Finally, if it appears both that there was substantial prejudice and that the delay was reasonable, the court must balance the interests of defendant and the public, taking into consideration the length of the delay and the seriousness of the crime. (*Lawson,* 67 Ill. 2d at 459.) Substantial prejudice can be presumed by

---

[2]In addition to providing for an adjudicatory hearing within 120 days, the Act provided that violation of the 120-day period would result in dismissal of the petition with prejudice. The Act was amended on July 2, 1985, by changing the effective date to April 1, 1986.

the court if the delay is sufficiently long. (*In re A.J.* (1985), 135 Ill. App. 3d 494, 498-99, 481 N.E.2d 1060, *appeal denied* (1985), 111 Ill. 2d 557.) We believe the facts before us support a presumption that the minor was substantially prejudiced.

The minor in this case, A.L., after being charged for the first time with misdemeanor offenses in a delinquency petition on September 26, 1984, made repeated demands for a speedy hearing of the charges. The record shows that counsel for the minor requested a trial date at his first appearance on November 2, 1984. Counsel stated that he was requesting a speedy trial as the minor had enrolled in school in the State of Wisconsin and wanted a trial date so that he would not miss school. Despite the demand for a speedy hearing on the relatively minor charges of battery and criminal damage to property, the case was continued on December 31 on the State's motion, and was continued on February 11 by order of the court for trial on May 8, 1985. At the hearing on May 8, the State acknowledged that the complainant again had failed to appear and asked for an SOL. The SOL was granted approximately seven months after the minor first demanded trial. Such a delay is antithetical to the Juvenile Court Act, which reflects the legislative intent that matters involving juveniles be resolved more efficiently than those involving adult criminals. See Ill. Rev. Stat. 1985, ch. 37, par. 701—2; *In re Armour* (1973), 15 Ill. App. 3d 529, 536, 305 N.E.2d 47, *affirmed* (1974), 59 Ill. 2d 102.

As we believe prejudice can be presumed from the almost seven months' delay here, the burden shifts to the State to show that the delay was reasonable. The State explained that it had subpoenaed the complaining witness, who repeatedly failed to appear in court, and denied that the delay was an intentional device to gain a tactical advantage over the accused. The State characterizes the SOL as merely a continuance, which it contends cannot prejudice a minor sufficiently to justify dismissal, citing *In re M.A.* (1985), 132 Ill. App. 3d 444, 477 N.E.2d 27, *appeal denied* (1985), 106 Ill. 2d 558.

The minor in *M.A.* requested the court to establish a rule mandating dismissal of petitions based upon a *per se* violation of the right to a speedy trial. The court found this request inconsistent with the holdings of *In re C.T.* (1983), 120 Ill. App. 3d 922, 458 N.E.2d 1089, and *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, both of which require a showing of actual and substantial prejudice before a petition can be dismissed by the trial court. (*In re M.A.*, 132 Ill. App. 3d at 446.) The *M.A.* court, however, did not consider the possibility of presuming actual and substantial prejudice under the reasoning of *People v. Love* (1968), 39 Ill. 2d 436, 443, 235 N.E.2d 819, nor did it

balance the interest of the minor respondent and the interests of society pursuant to *People v. Lawson.*

In *Love,* the Illinois Supreme Court rejected the view that in considering the right to a speedy trial, the evil to be avoided by observance of the right was wrongful incarceration rather than wrongful accusation. The court adopted the view that in determining whether the right to a speedy trial has been observed, the reckoning must be from the time the complaint was filed rather than from the time of arrest. (*Love,* 39 Ill. 2d at 442.) The court stated that in deciding whether a delay has resulted in a denial of the constitutional right to a speedy trial, there is no absolute standard of time that can be applied. The court held that individual circumstances must be considered and that a delay could be so prolonged that it must be presumed to have prejudiced an accused. *Love,* 39 Ill. 2d at 442.

It does not appear that the State made a deliberate attempt to delay the proceedings here in order to prejudice the minor. Nonetheless, upon balancing the interests of the respondent minor and the public, we conclude that the failure to conduct a hearing in the matter constitutes a fundamental deprivation of due process warranting the dismissal of the petition against the minor with prejudice.

The overriding purpose of the Juvenile Court Act is to ensure that the best interests of the minor respondent, his family, and society are served. It is intended to be remedial rather than punitive. To achieve that purpose, the Act must be enforced consistent with principles of fundamental fairness. In our opinion, neither the interests of the minor nor of society were served by the almost seven months' delay that occurred before this case was put on SOL status. Accordingly, the judgment of the circuit court of Cook County denying the minor's motion to dismiss is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed and remanded.

CAMPBELL, P.J., and QUINLAN, J., concur.