*In re* L.W., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. L.W., Respondent-Appellant).

Second District   No. 2—86—0762

Opinion filed June 24, 1988.—Rehearing denied July 25, 1988.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The respondent, L.W., a minor, along with two other minors, was adjudicated delinquent and declared a ward of the circuit court of Lake County upon entering an admission to each of two counts: armed violence and aggravated battery. The adjudicatory hearing was held on June 17, 1986. An order of adjudication finding L.W. delinquent and a ward of the court was entered July 8, 1986. On the same date, after a dispositional hearing, an order was also entered which committed L.W. to the Department of Corrections. Respondent, L.W., appeals the order of adjudication of delinquency and wardship and the order of commitment.

Respondent presents two issues for review: (1) whether the respondent, L.W., was denied the effective assistance of counsel when the assistant public defender also represented two other minors during the proceedings, and (2) whether the trial court erred in declaring L.W. a ward of the court at the adjudicatory hearing rather than at the dispositional hearing contrary to the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, pars. 704—8(2), 705—1(1)).

The People, as petitioner, contend that L.W.'s attorney did not labor under an actual conflict of interest, that respondent did not receive the ineffective assistance of counsel, and that the court did not commit reversible error in adjudicating L.W. a ward of the court at the adjudicatory hearing.

We agree with the petitioner and affirm the judgment of the circuit court.

On April 29, 1986, the petitioner filed a petition for adjudication

of wardship alleging that L.W. had committed conspiracy, armed robbery, armed violence, mob action, criminal damage to property, and four counts of aggravated battery. On that date, the respondent stipulated to the criminal damage charge for probable cause purposes. The charges stemmed from an incident on April 27, 1986, when L.W. and two other minors, Bobby Lee McGowan and Deandre Taylor, allegedly attacked two Hispanic men with sticks and a bat. The wallet of German Salgado, one of the victims, was taken. The attack occurred in the area near L.W.'s home. The minors also broke all the windows and the windshield of the car in which the men had been riding.

On the morning of the detention hearing held on April 29, 1986, Kathy Keller, an assistant public defender, was appointed to represent all three minors. She indicated that she would need some time to review the case and to discuss any possible conflicts in representing the minors. The hearing was continued to the afternoon, the respondents waiving the 36-hour time period within which the detention hearing must be held pursuant to section 3—5(1) of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 703—5(1)).

Respondents then stipulated to the criminal damage charge for probable cause purposes. The court found probable cause and further determined that immediate and urgent necessity existed to place the minors in detention as provided by the Juvenile Court Act, which permits the detention of a delinquent minor when "it is a matter of immediate and urgent necessity for the protection of the minor or *** of another." Ill. Rev. Stat. 1985, ch. 37, par. 703—6(2).

On May 2, 1986, the petitioner moved to prosecute the minors as adults pursuant to section 2—7(3) of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 702—7(3)). The transfer hearing was continued by agreement to May 23, 1986, at which time extensive evidence and testimony were presented. The court denied the People's motion to prosecute L.W. as an adult. The court then noted that there were time limitations for a trial date when a minor is held in detention; the record indicates that the minors had then been detained for 19 judicial days. Upon inquiry by the court, the parties agreed that the limitations period had been tolled and agreed to a trial date within 18 more judicial days.

Presumably, the resetting of the adjudicatory proceeding to June 17, 1986, was intended to comply with the outside limit of 20 judicial days from the date of the order of detention prescribed in section 4—2(2) of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 704—2(2)). That section actually provides a limit of 10 judicial days for an adjudicatory hearing when a minor is in detention; the time period

can be extended by another 10 judicial days upon written motion and proper notice by the State's Attorney.

An individual adjudicatory hearing was then held for L.W. on June 17, 1986, the agreed date. Upon admitting counts III and V relating to armed violence and aggravated battery, the State withdrew the eight remaining charges. After proper admonishments to the minor and acceptance of the admissions based on factual findings, the court stated that it would adjudicate the minor delinquent and make him a ward of the court. The matter was continued for a dispositional hearing on July 8, 1986. L.W. was again detained upon findings of immediate and urgent necessity.

On June 30, 1986, L.W.'s counsel objected to moving up the disposition hearing to July 2, based on her schedule and also to assure the presence of witnesses for L.W. already scheduled for the July 8 hearing.

On July 8, 1986, after considering the testimony, the arguments of counsel, the alternative placement possibilities for L.W. and the severity of the offense, the court committed him to the Department of Corrections.

L.W. argues that joint representation of the three minors by a single public defender denied him effective assistance of counsel because, at the transfer hearing, counsel purportedly emphasized L.W.'s culpability and the premeditative character of his actions in her attempt to show that Taylor and McGowan had no plan to rob the victims. Respondent bases his argument on testimony elicited from Officer Michael Jackson, who testified regarding statements three minors gave to him and to other officers. On direct examination, Jackson related that McGowan had indicated in his statement that they (presumably the three minors) intended to rob the victims. On cross-examination by respondent's counsel, the officer, relying on a report prepared by a detective, indicated that McGowan had stated that L.W. and another (Joanne) apparently planned to rob the victims.

A close examination of the record reveals that counsel's further questions were directed at establishing the absence of any definitive plan to rob the victims and the conjectural nature of the statements the officer related in his testimony. L.W.'s statement did not indicate that he admitted or denied any plan to rob the victims. Rather than showing inconsistent defenses, the record shows that the assistant public defender was attempting to demonstrate a lack of premeditation or evidence of motive on the part of each of the three minors as well as the lack of the officer's firsthand knowledge of the minors' intent. In other words, a common defense rather than inconsistent de-

fenses can be inferred from the line of questioning counsel used.

Other testimony elicited as to the parts of the victim's body that were struck by each of the defendants may have been intended to show inconsistencies in the testimony of the officer, or his lack of personal knowledge of the events. However, that testimony does not conclusively indicate the degree of culpability of each respondent.

■ Based on the facts just presented, the respondent has failed to demonstrate an actual conflict of interest in the representation of the minors. While the practice of multiple representation has been criticized, such representation does not by itself impinge upon the constitutional right to effective assistance of counsel, nor is it plain error for the court not to raise the issue of multiple representation *sua sponte. People v. Precup* (1978), 73 Ill. 2d 7, 11, 18.

■ Where a potential conflict of interest is brought to the attention of the trial court, the trial court must take adequate steps to deal with it; but where a conflict is not brought to the attention of the trial court, the proponent must demonstrate an actual conflict of interest manifested at trial. Hypothetical or speculative conflicts will not suffice. *People v. Jones* (1988), 121 Ill. 2d 21, 28-29.

■ Absent special circumstances, a trial court may assume that multiple representation entails no conflict of interest and that the client knowingly accepts such a risk of conflict; unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry. (*Cuyler v. Sullivan* (1980), 446 U.S. 335, 347, 64 L. Ed. 2d 333, 345, 100 S. Ct. 1708, 1717.) The mere fact of joint representation is not a special circumstance requiring a court to inquire into the propriety of joint representation. *Wilson v. Morris* (7th Cir. 1984), 724 F.2d 591, 594, *cert. denied* (1984), 466 U.S. 976, 80 L. Ed. 2d 829, 104 S. Ct. 2357.

Despite the claims of respondent, the transfer hearing resulted in his *not* being tried as an adult. Such an outcome would have had more serious consequences. At a separate adjudicatory hearing the minor voluntarily and knowingly admitted to two of the charges. It is difficult to see how any actual conflict could have existed under these circumstances. In the dispositional hearing, the court likewise focused on the respondent's unique circumstances and his prior history before committing him to the Department of Corrections.

■ Additionally, respondent never objected to the multiple representation by counsel, nor was the alleged denial of effective assistance of counsel ever raised in the post-trial motion. Such a failure to raise an issue normally constitutes a waiver, and before plain error can be considered as a means of circumventing the waiver rule, it must be

plainly apparent from the record that error affecting substantial rights was committed. Based on these rules and factually similar circumstances, ineffective assistance of counsel claims were rejected in *People v. Precup.* (*People v. Precup* (1978), 73 Ill. 2d 7.) We do not believe that the claim of ineffective assistance of counsel rises to the level of plain error in the present case.

■■ ■ Respondent also predicates the claim of ineffective assistance of counsel on counsel's acquiescence in the continued detention of L.W. contrary to the time limitations specified in section 4—2(2) of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 704—2(2)). This argument overlooks the fact that respondent's counsel was conscious of the time constraints but agreed to the continuances ostensibly for practical purposes, or conceivably for tactical reasons. The parties *agreed* that the time limitations were tolled. It is apparent in section 4—2(2) of the Act that delay occasioned by the respondent tolls the time limitations. We have stated that a party is "considered to have occasioned a delay when he requests a continuance, agrees to a continuance, or when his actions otherwise cause or contribute to the delay. [Citations.]" *People v. Sonntag* (1984), 128 Ill. App. 3d 548, 558.

The remedy for delays under section 4—2 is not discharge, but release from detention when the statutory period has been exceeded. *People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, 145; see also *People v. Dean* (1977), 52 Ill. App. 3d 383, 386 (delay not jurisdictional).

In another jurisdiction that has considered the issue, delay in setting a hearing date within a mandatory 10-day period was waived as an issue on appeal where the case was continued by agreement of the attorneys even though the minor was in detention. *Sanchez v. Walker County Department of Family & Children Services* (1976), 237 Ga. 406, 408, 229 S.E.2d 66, 68 (and cases cited therein).

While we do not approve of avoidable delays in juvenile proceedings, the respondent fails to specify how he was prejudiced by the delay in the proceedings in this case. A mere continuance, without more, cannot be said to substantially prejudice a respondent; since criminal and juvenile proceedings are distinct under Illinois law, the speed of the proceedings should not outweigh the predominant purpose of the Juvenile Court Act—the welfare of the minor. *In re M.A.* (1985), 132 Ill. App. 3d 444, 446-47.

The determination of the incompetence of counsel must be based on the totality of the attorney's conduct, and it must be shown that counsel's performance amounted to actual incompetence without

which the outcome would probably have been different. (*In re M.D.B.* (1984), 121 Ill. App. 3d 77, 84.) Otherwise stated, the test of prejudice arising from the ineffective assistance of counsel is that there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; the proper measure of attorney performance remains that of reasonably effective assistance under prevailing professional norms. *Strickland v. Washington* (1984), 466 U.S. 668, 688, 694, 80 L. Ed. 2d 674, 694, 698, 104 S. Ct. 2052, 2065, 2068.

Based on the record before us, we conclude that there is no substantial showing of prejudice which would change the outcome of the adjudicatory and dispositional hearings held in this case.

■ Respondent next claims that the circuit court committed reversible error in making findings of wardship at the adjudicatory hearing rather than at the dispositional hearing. We believe this argument to be without merit. The determination of wardship made at adjudication rather than at disposition is harmless error where the court considers dispositional evidence before entering its dispositional order. (*In re G.L.* (1985), 133 Ill. App. 3d 1048, 1053; accord *In re E.S.* (1986), 145 Ill. App. 3d 906, 911.) Based on the facts of the present case, we decline to follow the reasoning of *In re A.L.J.* (1985), 129 Ill. App. 3d 715, upon which the respondent relies.

In the case before us, the trial court properly considered dispositional evidence before entering its dispositional order. The order of adjudication and the commitment order were not entered in the trial court until July 8, 1986, the date of the dispositional hearing. These orders endorsed the court's prior findings at the adjudicatory hearing and comprised the court's determination, based upon additional information, that it was in the best interest of the minor and the public that L.W. be made a ward of the court and committed to the Department of Corrections. The timing of the order did not prejudice the minor.

Accordingly, the judgment of the circuit court of Lake County is hereby affirmed.

Affirmed.

DUNN and NASH, JJ., concur.