THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
THOMAS E. WOOLSEY, Defendant-Appellant.
Fifth District    No. 5—88—0405

Opinion filed March 10, 1989.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

H. Wesley Wilkins, State's Attorney, of Jonesboro (Stephen E. Norris, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

Defendant appeals from an order entered in the circuit court of Union County granting the State's motion for entry of a *nolle prosequi* based on insufficient evidence. The State moves to dismiss the appeal on the grounds that the order is interlocutory in nature and not subject to review under Supreme Court Rule 604 (107 Ill. 2d R. 604). Defendant objects and contends that the order is final and appealable. *People v. A.L.* (1988), 169 Ill. App. 3d 581, 523 N.E.2d 970.

On December 14, 1987, defendant was charged by criminal information with one count of murder and two counts of armed violence. On June 21, 1988, he filed a motion to dismiss the charges predicated on the State's alleged violation of his speedy trial rights. The case was called for hearing on June 30, 1988, at which time the State filed a motion to dismiss and for entry of a *nolle prosequi* due to insufficient evidence. The motion was allowed pursuant to a written order

entered on that day and the cause was dismissed. Defendant filed a notice of appeal on July 8, 1988, seeking reinstatement of the case so that his motion for a speedy trial may be heard.

The State in its motion to dismiss contends that the dismissal of criminal charges through the device of a *nolle prosequi* does not constitute a final order or judgment for purposes of review, because the charges may be reinstated at a future date. Given the interlocutory nature of the order, the State argues that review, if any, is dependent upon the provisions of Supreme Court Rule 604. (*People v. Mourning* (1976), 37 Ill. App. 3d 945, 347 N.E.2d 48.) Because the rule contains no express language authorizing review of the grant of a *nolle prosequi*, the State argues that this court is without jurisdiction to entertain defendant's appeal.

Defendant in his objection distinguishes *Mourning* by noting that it involved an appeal by the State from an order granting the involuntary dismissal of criminal charges. He asserts that the case merely stands for the proposition that the State may not take an appeal from an interlocutory order unless expressly authorized to do so under Supreme Court Rule 604(a). He relies on *People v. A.L.*, 169 Ill. App. 3d 581, 523 N.E.2d 970, in taking issue with the State's characterization of his appeal as being interlocutory in nature.

The First District of the Appellate Court held in *A.L.* that the procedure whereby a juvenile petition was stricken on leave to reinstate prior to the disposition of a speedy trial claim constituted a final judgment for purposes of review. 169 Ill. App. 3d at 584, 523 N.E.2d at 972.

Defendant advances two reasons why an appeal should be allowed at this juncture: (1) he will not be kept on tenterhooks as to the possibility of future prosecution; and (2) the State will not waste its time and resources on a subsequent prosecution if his speedy trial term has already run.

In *A.L.*, the State filed a delinquency petition against a juvenile for the offenses of misdemeanor battery and criminal damage to property. During the course of the prosecution, respondent filed a motion for discharge alleging a violation of his right to a speedy trial. The State countered by filing a motion to strike the petition with leave to reinstate under a procedure referred to as "Stricken On Leave" (hereinafter referred to as SOL). Both matters came on for hearing with defendant's motion being denied and the State's granted. Defendant then filed a motion to reinstate the petition and, once reinstated, to dismiss it on speedy trial grounds. The motion was denied and respondent filed a notice of appeal. The State moved to dismiss

the appeal, contending that the order of dismissal was interlocutory in nature and not expressly reviewable under any provision of Supreme Court Rule 604. The motion was ordered taken with the case to be briefed by the parties. The reviewing court viewed the SOL procedure as a means of indefinitely prolonging the prosecution with no anticipated term of probation and treated it as a final judgment for purposes of appeal. (169 Ill. App. 3d at 584, 523 N.E.2d at 972.) In resolving this jurisdictional issue, the court found *Klopfer v. North Carolina* (1967), 386 U.S. 215, 18 L. Ed. 2d 1, 87 S. Ct. 988, to be controlling.

In *Klopfer*, the Supreme Court addressed the issue of whether the State may indefinitely postpone a criminal prosecution after indictment, without justification and over the objection of the accused, by resorting to the device of *nolle prosequi* with leave to refile. The Supreme Court deemed such a practice to be in violation of the sixth amendment right of the accused to a speedy trial, made applicable to the States by way of the fourteenth amendment. The Supreme Court recognized that while the grant of a *nolle prosequi* affords the accused the freedom to go where he wishes without being subject to recognizance bond, the State's ability to reinstate the criminal charges against him at some future date exposes him to scorn and ridicule, thereby affecting his freedoms of speech and association and his participation in unpopular causes. Moreover, the Supreme Court noted that such a cloud of suspicion may cause the accused to suffer adverse employment consequences. 386 U.S at 222, 18 L. Ed. 2d at 7, 87 S. Ct. at 993.

While *Klopfer* is controlling with respect to the substantive issue reached by the court in *A.L.*, we believe that that court's reliance on *Klopfer* is misplaced with respect to the jurisdictional issue. Reduced to its common denominator, the issue confronting this court is whether an order granting a *nolle prosequi* is final and appealable. If so, then a direct appeal may be brought under Supreme Court Rule 606, which provides for appeals by right from final judgments in criminal cases; if not, then an appeal must be sanctioned under Supreme Court Rule 604, which provides for appeals by right from certain prescribed interlocutory orders in criminal cases.

In *People v. Watson* (1946), 394 Ill. 177, 179, 68 N.E.2d 265, 266, the supreme court defined the nature of a *nolle prosequi* as follows:

> " 'A *nolle prosequi* is not a final disposition of the case, and will not bar another prosecution for the same offense. It is not an acquittal, but it is like a nonsuit or discontinuance in a civil

suit, and leaves the matter in the same condition in which it was before the commencement of the prosecution.' [Citations.] Again, it has been said that the ordinary effect of a *nolle prosequi* is to terminate the charge to which it is entered and to permit the defendant to go wherever he pleases, without entering into a recognizance to appear at any other time. If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense."

It cannot be said that a *nolle prosequi* is a final judgment for purposes of Supreme Court Rule 606 as it does not bar a subsequent prosecution for the same offense. Therefore, this court's jurisdiction, if any, must be based upon Supreme Court Rule 604. However, no express provision exists under this rule authorizing the review of the grant of a *nolle prosequi*.

The court in *A.L.* was motivated by a concern that no other forum was available to the respondent to press his speedy trial claim other than a direct appeal of the SOL procedure employed by the State. To deny an immediate appeal, the court feared, would be to indefinitely prolong the possibility of prosecution with no anticipated termination and no opportunity for the respondent to expeditiously press his speedy trial claim. (*A.L.*, 169 Ill. App. 3d at 584.) These concerns, though valid, do not take into account other procedural devices that are available to defendant in the case *sub judice*. He could press his speedy trial claim in an expeditious fashion, for example, by pursuing an original action in *mandamus* in an attempt to compel the trial court to consider his motion for discharge based upon an alleged violation of his speedy trial rights. In the event that a subsequent prosecution is initiated against him, he remains free to renew his claim for a speedy trial at that time. See *People v. Rodgers* (1982), 106 Ill. App. 3d 741, 435 N.E.2d 963; *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951.

■ For the reasons set forth above, we decline to follow the analysis in *A.L.* and hold that the grant of a *nolle prosequi* which dismisses criminal charges with leave to reinstate is neither final nor appealable. Accordingly, defendant's notice of appeal from such an order fails to vest this court with jurisdiction. The State's motion to dismiss the appeal based on lack of jurisdiction is hereby granted.

Appeal dismissed.

WELCH, P.J., and GOLDENHERSH, J., concur.