*In re* GILBERT E., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Gilbert E., a Minor, Respondent-Appellant).

First District (1st Division)   No. 1—92—0321

Opinion filed February 22, 1994.—Rehearing denied May 27, 1994.

Rita A. Fry, Public Defender, of Chicago (Joseph M. Gump, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Susan Wigoda, and Kathy Bankhead, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Respondent, Gilbert E., appeals from an order of the circuit court of Cook County entered December 31, 1991, by which he was committed to one year of probation. Respondent maintains that the circuit court's order must be vacated, because the adjudicatory hearing was not conducted within 120 days of his demand for a hearing, as required by the Juvenile Court Act (the Act) (Ill. Rev. Stat. 1989, ch. 37, par. 805—14(b)(1)(A)). For the following reasons, we affirm the judgment of the circuit court.

The record sets forth the following relevant facts. On December 13, 1990, respondent was charged in a delinquency petition with one count of aggravated battery. On June 7, 1991, respondent filed a trial demand. The State requested a continuance to August 27, and respondent was released to his mother. On August 27, the State informed the court that it was not ready for trial, because the complaining witness had notified the State that he would not be able to testify due to an injury. The State requested and received a continuance until October 28, 1991.

On October 8, 1991, the court granted the motion of the State to advance and reset *instanter*, and the case was continued until October 24, 1991. On October 24, respondent presented a motion to dismiss his delinquency petition, and the case was continued until November 4, 1991, for hearing on respondent's motion.

On November 4, a hearing was held on respondent's motion to dismiss. Respondent argued that 123 days had elapsed between June 7, 1991, the date of respondent's trial demand, and October 8, 1991, the first court date following the expiration of the 120-day statutory requirement, which, respondent argued, was October 5, 1991.

The State acknowledged that 138 days had in fact passed since the trial demand was filed, but initially argued that the petition should not be dismissed because a second petition was filed against respondent during the pendency of the present case. The State argued that on October 8, 1991, the State had moved to transfer this second case to the adult (*i.e.*, criminal) court; the juvenile court denied this motion and the State appealed. The prosecutor argued that the denial

of the transfer motion was akin to a "finding" under section 5—14(b)(1)(B) of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 805—14(b)(1)(B)), which provides in pertinent part:

> "If a minor respondent has multiple delinquency petitions pending against him in the same county *** he shall receive an adjudicatory hearing or have a finding *** upon at least one such petition before expiration relative to any of such pending petitions of the period described by this Section. All remaining petitions thus pending against the minor respondent shall be adjudicated within 160 days from the date on which a finding relative to the first petition thus prosecuted is rendered pursuant to Section 5—20 of this Act ***."

Therefore, the State argued it had 160 days from October 18, 1991, to adjudicate the present case.

In the alternative, the State argued that the failure to hold an adjudicatory hearing on delinquency charges within 120 days pursuant to the statute providing for such hearing did not require dismissal of the petition. In support, the State cited *In re M.A.* (1985), 132 Ill. App. 3d 444, 477 N.E.2d 27, in which the court held that failure to hold an adjudicatory hearing on delinquency charges within 30 days pursuant to statute did not require dismissal of the petition. The *M.A.* court construed section 4—2 of the Act (Ill. Rev. Stat. 1983, ch. 37, par. 704—2), which provided that delinquency petitions "*shall* be set for an adjudicatory hearing within 30 days." (Emphasis added.) The court, relying on *In re Armour* (1974), 59 Ill. 2d 102, 319 N.E.2d 496, concluded that "shall" was merely directory rather than mandatory.

In response, respondent argued that *In re M.A.* is inapplicable to the present case because it predates section 5—14(b)(1)(A) of the Act, which provides that beginning July 1, 1988, "an adjudicatory hearing *must* be held within 120 days of a demand for such hearing." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 37, par. 805—14(b)(1)(A).

Following arguments, the trial court rejected the State's initial argument that it had 160 days, indicating that an order denying transfer of a case is not a "finding" as a result of an adjudicatory hearing. Subsequently, the trial court entered an order denying respondent's motion to dismiss on the grounds that (1) the delay caused no prejudice to respondent and (2) it is not mandatory to set an adjudicatory meeting within 30 days. The court concluded that dismissal over "a technical point" is not the purpose of the Act and would not serve the best interests of the community.

On November 14, 1991, an adjudicatory hearing was conducted, after which the court entered a finding of delinquency against re-

spondent. On December 31, 1991, following a dispositional hearing, respondent was placed on one year of probation. Respondent's timely appeal followed.

On appeal, respondent contends that the trial court erred in denying his motion to dismiss his delinquency petition. Once again, respondent argues that the trial court incorrectly relied upon *In re M.A.* in making its decision, because the Act was amended to provide that "an adjudicatory hearing *must* be held within 120 days of a demand for such hearing." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 37, par. 805—14(b)(1)(A).) Respondent cites section 5—14(b)(1)(C) of the Act, which provides for dismissal if an adjudicatory hearing is not held within the time required by the Act.

Section 5—14(b)(1)(A) of the Act provides in its entirety:

"(1)(A) When a petition has been filed alleging that the minor is a delinquent, an adjudicatory hearing must be held within 120 days of a demand for such hearing made by any party, *except that when the State, without success, has exercised due diligence to obtain evidence material to the case and there are reasonable grounds to believe that such evidence may be obtained at a later date, the court may upon motion by the State, continue the adjudicatory hearing for not more than 30 additional days.*

*The 120 day period in which an adjudicatory hearing shall be held is tolled by: (i) delay occasioned by the minor*; (ii) a continuance allowed pursuant to Section 114—4 of the Code of Criminal Procedure of 1963 after a court's determination of the minor's physical incapacity for trial; (iii) an interlocutory appeal; (iv) an examination for fitness ordered pursuant to Section 104—13 of the Code of Civil Procedure of 1963; (v) a fitness hearing; or (vi) an adjudication of unfitness for trial. *Any such delay shall temporarily suspend, for the time of the delay, the period within which an adjudicatory hearing must be held. On the day of expiration of the delay, the said period shall continue at the point at which it was suspended.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 37, par. 805—14(b)(1)(A).

Respondent argues that the State never requested additional time to obtain evidence material to the case. However, the record shows that on August 27, 1991, the State requested and received a continuance on the grounds that the complaining witness was injured and would not be available for court on that date.

Respondent contends that the State's request for a continuance on August 27, 1991, did not serve to extend the statutory period by 30 days, because the State failed to show due diligence and the trial court did not issue an order including the specific language quoted from the Act.

Respondent argues that the delay in the present case was unreasonably lengthy, relying on *In re F.H.* (1989), 190 Ill. App. 3d 321, 546 N.E.2d 637. The petition in *F.H.* was governed by the prior version of the Act, section 4—2 (Ill. Rev. Stat. 1985, ch. 37, par. 704—2), which provided that an adjudicatory hearing shall be set within 30 days from the filing of a delinquency petition. The facts showed that the entire adjudication process spanned a period of more than 19 months from the filing of the petition to the conclusion of the dispositional hearing. Applying principles set forth in *People v. A.L.* (1988), 169 Ill. App. 3d 581, 523 N.E.2d 970, the court examined the facts to determine whether the minor had first come forward with a clear showing of actual and substantial prejudice, which can be presumed by the court if the delay is sufficiently prolonged. (*In re F.H.*, 190 Ill. App. 3d at 331, citing *People v. A.L.*, 169 Ill. App. 3d at 585-86.) The court found that a number of the continuances granted by the trial court were attributable to the State and evinced "a certain degree of laxity" in the adjudication of the case. The court cited as one example a continuance granted because an assistant State's Attorney forgot a continuance date she had requested.

The *F.H.* court stated that the primary objectives of the Act are to ensure that the interest of the minor respondent, his family and the community are served and to do so in as expeditious a manner as possible. (*In re F.H.*, 190 Ill. App. 3d at 332.) The court found that the intent of the legislature to eliminate lengthy delays in juvenile proceedings was clearly expressed in the amendments to the Act, creating section 5—14. The court acknowledged that while the new provision was not in effect when the *F.H.* petition was filed, the amendments provided that an adjudicatory hearing must be held within 120 days of a hearing demand, and that a hearing may be continued for not more than 30 additional days to allow the State to obtain material evidence. *F.H.*, 190 Ill. App. 3d at 332.

The *F.H.* court then vacated the delinquency petition at issue, finding that the delay resulted in substantial prejudice to the respondent, respondent's family, and society as a whole. *In re F.H.*, 190 Ill. App. 3d at 333.

The facts of *In re F.H.* are distinguishable from the present case. The record here shows that respondent made his trial demand on June 7, 1991. On August 27, 1991, the case was continued to October 28, 1991, in order for the State to procure the complaining witness. On October 24, 1991, respondent filed his motion to dismiss, alleging that on October 8, 1991, 123 days had passed since his trial demand. We find that at that point, pursuant to the Act, the adjudicatory hearing period was tolled by this delay caused by the respondent,

and the period therefore suspended. Respondent's motion was denied on November 4, 1991. Respondent's adjudicatory hearing was subsequently conducted on November 14, 1991.

We further find that the State's request for a continuance on August 27, 1991, served to extend the statutory period by 30 days, as permitted by the Act, notwithstanding the trial court's failure to include any "magic language" in its order granting the continuance. Thus, respondent's adjudicatory hearing on November 14, 1991, was conducted within 150 days of respondent's trial demand, respondent's motion to dismiss having suspended the period within which an adjudicatory hearing must be held. This extension was in full compliance with the Act and was consistent with the objectives of the Act as set forth in *In re F.H.*

A mere continuance, without more, does not justify dismissal. (*In re L.W.* (1988), 171 Ill. App. 3d 1056, 525 N.E.2d 560.) The record shows that the hearing on respondent's petition was continued a mere 18 days from the expiration of the 120 days after the respondent's trial demand. Respondent has not shown how he was substantially prejudiced by the 18-day continuance in this case. Respondent further argues that this court should construe section 5—14 of the Juvenile Act in the same manner a court would construe the speedy trial provision of the Illinois criminal code. Respondent's contention is without merit, as our courts have held, based on the distinctions between juvenile proceedings and criminal prosecutions, that the speedy trial provisions of the criminal code are inapplicable to juveniles. *In re A.L.*, 169 Ill. App. 3d at 585, 523 N.E.2d 970, citing *People v. Woodruff* (1981), 88 Ill. 2d 10, 430 N.E.2d 1120.

For the reasons cited above, we affirm the judgment of the trial court.

Affirmed.

O'CONNOR and MANNING, JJ., concur.